KILLINGWORTH (LANCASHIRE v.). See Case No. 8,037.

KIMBAL, The NATHAN. See Case No. 10,-033.

## Case No. 7,767.

### In re KIMBALL.

[2 Ben. 38; [2] 1 N. B. R. 193; Bankr. Reg. Supp. 42; 1 Am. Law T. Rep. Bankr. 2; 6 Int. Rev. Rec. 215.]

District Court, S. D. New York. Dec., 1867.

ARREST OF BANKRUPT UNDER STATE PROCESS—PRIVILEGE OF WITNESS—DEBT CONTRACTED BY FRAUD.

1. Where a suit was commenced against a bankrupt in a state court, the complaint being

[1] [Reported by Hon. William Cranch, Chief Judge.]
[2] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

simply for goods sold and delivered, but, on affidavits showing a fraudulent contracting of the debt, an order of arrest was issued against him, and he was arrested: *Held*, that the bankrupt was not exempt from such arrest, under the twenty-sixth section of the bankruptcy act [of 1867 (14 Stat. 529)]. The words "the same," in that section, refer to the arrest, and not to the action.

[Cited in Re Devoe, Case No. 3,843; Re Kimball, Id. 7,768; Re Alsberg, Id. 261.]
[Cited in Young v. Grau, 14 R. I. 342.]

2. But as the bankrupt, when arrested, was on his way to the register's office, for the purpose of being examined, under an order (form No. 45) which had been served upon him: *Held*, that that order was substantially a subpoena, and that the bankrupt was entitled to be considered as a witness.

3. As such witness, and also as being a party to the bankruptcy proceedings, he was entitled to protection from arrest at the hands of any other tribunal.

4. This court, whose process had been interrupted, had power to give him that protection, and he must be discharged from this arrest, on the ground that it was a breach of his privilege; but, as soon as the privilege should cease, he would be liable to be rearrested.

[Cited in Ex parte Schulenburg, 25 Fed. 212.]

[In the matter of George W. Kimball, a bankrupt.]

BLATCHFORD, District Judge. This is an application to discharge from imprisonment the bankrupt in this case, who is confined in close custody, in Ludlow-Street jail, by virtue of an arrest made by the sheriff of the city and county of New York. The bankrupt was declared a bankrupt by this court, on the 16th of November, 1867, on the petition of one of his creditors. By the order of adjudication, the case was referred to one of the registers in bankruptcy, Mr. Isaiah T. Williams; and Mr. Williams, in pursuance of the authority granted by the bankruptcy act, issued an order, under the twenty-sixth section of the act, according to form No. 45 of the forms in bankruptcy, requiring the bankrupt to attend before him, to submit to an examination, on the 6th of December, 1867. After the bankrupt had been served with this order, and a few moments before the hour appointed for the examination, and while the bankrupt was on his way to the office of the register, and was in the same building in which the office of the register is situated, with the order for such examination upon his person, he was arrested by the sheriff, upon an order of arrest issued as mesne process in a civil suit in the supreme court of the state of New York; and he applies now to this court to be discharged from his imprisonment, upon the ground that he was arrested while he was on his way, under the process of this court, to be examined thereunder. There is no statute of the United States, as there is of the state of New York, giving protection to a witness from being arrested in a civil suit, while he is in process of obeying a subpoena, issued from a competent court, for his examination as a witness. I have heretofore decided, that a

bankrupt, in all matters relating to his examination under the twenty-sixth section of the bankruptcy act, is substantially a witness, and that he is to be examined and cross-examined as a witness, and is entitled to be considered as a witness in all respects. The order, or summons, according to form No. 45, which is issued and served upon him, commanding him to appear and be examined, is substantially a subpoena. The twenty-sixth section of the act provides, that the court may require him to attend, upon reasonable notice, and submit to an examination on oath, and that, if he neglects to obey any order of the court, he may be committed and punished as for a contempt of court. He must, therefore, when served with such order or summons, be regarded as a witness under a subpoena, and as entitled to the same protection to which any other witness, subpoenaed to attend before a court, or an officer of the court, is entitled. He is also a party to the bankrupt proceedings, and is entitled to all the protection which any party to any suit is entitled to under like circumstances. Such protection was decided by the circuit court of the United States for the district of Pennsylvania—Hurst's Case [Case No. 6,924] —to be a protection thrown around him by the court from which the subpoena issues. In that case, the party was in attendance at Philadelphia, having gone there from his residence at New York, for the purpose of being present at the trial, in that court, of a suit to which he was a party, and he was also under process of subpoena from that court to attend it as a witness in another suit, when he was arrested at his lodgings, at a tavern in Philadelphia, by a state sheriff, on a capias ad satisfaciendum, issued out of the supreme court of Pennsylvania. An application was made to the circuit court of the United States to discharge him from imprisonment, and it was granted by Mr. Justice Washington and Judge Peters, holding the court, who decided that the circuit court of the Unit d S:at s had competent authority to discharge the party from arrest, because of the breach of his privilege which had been committed, in order that the proceedings of the court might not be impeded; and that the order for such discharge would be a justification and protection to the sheriff in discharging him. In the present case, as the order or summons was issued by this court, the application is made to it to discharge the party from his imprisonment. Although there is no statute of the United States upon the subject, yet the law is well settled, that a party and a witness is, under such circumstances, entitled to be protected by the court whose process has been interrupted. The plaintiff, at whose instance he was arrested in the state court, may rearrest him, under the same or other process, whenever the privilege ceases: but the privilege must be enforced, and the order of the court discharging the party from his imprisonment will be a conclusive justification of

the sheriff in every other court, and even in the state court itself, which issued the process. The privilege is one not merely for the benefit of the party and witness, but exists for the purpose of maintaining the dignity, and carrying out the commands, of the court which issues the subpoena, and of promoting public justice, it being necessary that private right should for the time being yield to the public good. Lyell v. Goodwin [Case No. 8,616]. In the present case, the party was clearly entitled to his privilege, both as party and as a witness, and I shall, therefore, make an order discharging him from the custody of the sheriff, upon the ground that his arrest, under the circumstances under which it was made, was a breach of his privilege.

There is another ground urged in this case for the discharge of the party from imprisonment, but which I do not regard as sufficient ground for his discharge. He claims to be discharged under the last clause of the twenty-sixth section of the bankruptcy act, which provides, that "no bankrupt shall be liable to arrest during the pendency of the proceedings in bankruptcy, in any civil action, unless the same is founded on some debt or claim from which his discharge in bankruptcy would not release him." The thirty-third section of the act provides, "that no debt created by the fraud or embezzlement of the bankrupt, or by his defalcation as a public officer, or while acting in any fiduciary character, shall be discharged under this act." The cause of action set out in the complaint in the suit in the state court, in which the party was arrested, is simply a complaint for the recovery of five hundred and sixty dollars for goods sold and delivered to him, and the summons is a summons for a money demand on contract for five hundred and sixty dollars. There is no allegation in the complaint that the debt was fraudulently contracted, nor any averment, except that so much money is due for goods sold and delivered; but the affidavits upon which the party was arrested set forth facts which show a fraudulent purchase of the goods, and a fraudulent contracting of the debt, and make out a case where the debt is one created by the fraud of the bankrupt in making fraudulent representations as to his solvency and pecuniary means and ability at the time he purchased the goods. If these averments had been contained in the complaint, there would have been no question in the case, but they are only contained in the affidavits on which the order of arrest was granted; and the ground urged for the discharge of the party is, that, under this last clause of the twenty-sixth section of the act, it is necessary that the action should be founded upon the debt from which the discharge in bankruptcy would not release the party. It is clear that, upon the face of the papers in this case, this debt was created by the fraud of the bankrupt. Being such a debt, it is one that will not be discharged by his discharge

under the act. But it is contended, on the part of the bankrupt, that the words "the same," in the twenty-sixth section—"unless the same is founded on some debt or claim, from which his discharge or bankruptcy would not release him"—mean the action; and. on the part of the plaintiff in the suit in the state court, it is contended that the words "the same" mean the arrest. Whether the one or the other of these interpretations of the words "the same," in the section, is given to those words, makes a material difference; because, if the interpretation of the bankrupt is the correct interpretation. that the action must be founded on the debt or claim, then it is clear that the action in the state court is not founded on a debt or claim from which the discharge would not release him. It is founded on a naked sale of the goods, with no element of fraud in it. Whereas, if the arrest is what is to be founded on the debt or claim. it is very clear that the arrest in this case was founded upon a debt created by fraud, and one from which the bankrupt would not be released by his discharge in bankruptcy. After a careful consideration of the language of the provision in question, and its meaning and object, in connection with the language of the thirty-third section. I have come to the conclusion that the good sense of the statute is. that whenever the ground of arrest in the state court is a debt created by fraud, the party is not entitled to the privilege of exemption from arrest; and that it would be too narrow and technical an interpretation of the language to hold that the words "the same" refer merely to the action, although that is the last antecedent. The intent of the act is, I think, that whenever the party is under arrest on account of a debt created by his fraud. neither this court, nor the state court, has any right to interpose and discharge him, because of the pendency of proceedings in bankruptcy. It is contended, on the part of the bankrupt, that the plaintiff in the suit in the state court has, by force of what is, and what is not, contained in his complaint, waived the tort, and confined himself strictly to the contract. But that is not conclusive at all of the question. I think that when the court sees that the party is arrested, as in this case, for a debt from which he would not be discharged by his discharge in bankruptcy, the arrest and imprisonment must hold good.

The bankrupt is, however. entitled to be discharged in this case, because he was unlawfully arrested, in violation of his privilege, and of the authority of this court. The moment that that privilege ceases, he will, of course, be liable to be rearrested. [and if he shall be rearrested, and shall deny that this debt was created by fraud. or that it is a debt for which he is liable to arrest, this court will, on a proper representation being made to it, order a reference to inquire into the facts, and will decide whether it is or

is not such a debt.]³ But, on the face of the papers now presented. I hold that the bankrupt is not entitled to exemption from arrest entirely in the case, but that the sheriff had no right to arrest him under the circumstances under which he was arrested, and that an order must be entered discharging him from such arrest.