## Case No. 11,938.

### In re ROBINSON.

[8 Ben. 406; [1] 14 N. B. R. 130.]

District Court, S. D. New York. March, 1876.

BANKRUPTCY — CONTESTING CLAIM OF DEBTOR — BURDEN OF PROOF.

A proof of debt having been filed by a creditor of a bankrupt, which the register had certified as satisfactory, and the register having issued an order, on the petition of the assignee, for the re-examination of the claim, the creditor appeared on the return day of the order, and offered himself for examination by the assignee, but declined himself to produce any further proofs. *Held*, that the creditor had conformed to the statute and rules, and that it was the duty of the assignee, if he wished to contest the proof of debt, to introduce opposing evidence.

[In the matter of William L. Robinson, a bankrupt.]

By the Register: [2][I, James F. Dwight, one of the registers in said court in bankruptcy, do hereby certify that, in the course of the proceedings in said cause before me, the following question arose pertinent to the said proceedings, and was stated and agreed to by counsel for the opposing parties, to wit: Luke A. Lockwood, who appeared for the assignee in bankruptcy, and Rensselaer Ten Broeck, who appeared for Matthias B. Valentine, one of the creditors of said bankrupt.

[Matthias B. Valentine, on the 5th day of March, 1875, filed with the register proof of claim against said estate, of which a copy is hereto annexed, marked "A." That upon the petition of the assignee, the register issued an order for the re-examination of said claim, of which order a copy is annexed, marked "B." Upon the return day named in said order, the assignee appeared by his attorney, and the creditor appeared with his attorney. That the creditor, being called upon by the attorney for the assignee to produce his proofs in support of said claim, states that the creditor was present and ready to be examined in behalf of the assignee, if he de-

---

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

[2] [From 14 N. B. R. 130.]

sired, and declined to produce any further proofs, maintaining that the claim was established prima facie by the proof of debt on file, and that the burden of proof to show its invalidity was upon the assignee. And thereupon the attorney for the assignee moved to expunge the said claim, upon the following grounds: First. That the burden of proof to support the claim rests upon the claimant. Second. That the proof of debt is in the nature of a complaint, and that the allegations therein are put in issue by the assignee, by his petition to re-examine the claim, which is in the nature of an answer; and that the plaintiff is bound to produce proof of his allegations before the assignee is called upon to go into proofs on his behalf in opposition. Motion denied, on the ground that the claimant has made sufficient prima facie proof of the claim in the proof of debt filed, and the register directs the assignee to go on with the petition, and to introduce such proof as he may have. And the assignee, stating that he has no proof to introduce at present, desires that the question "as to whether the register erred in holding that the proof of debt established a prima facie claim of the creditor, and placed the burden of proof on the assignee, on the petition for re-examination, and in refusing the motion," may be certified to the court, which request is granted, and the attorney for the assignee directed to prepare the certificate.

[As directed by the rules and practice of this court, I state as my opinion in the question raised, that the claimant, having made and filed a proof of debt, which is certified by the register as "satisfactory," and having, on the petition made by the assignee for a re-examination of the claim, offered himself for examination by the assignee, if he so pleased, has conformed to all the requirements of the statute and rules; and it is the duty of the assignee, if he wishes to contest said proof, to introduce such opposing evidence as he may have.] [2]

BLATCHFORD, District Judge. I concur in the views of the register.

## Case No. 11,939.

### In re ROBINSON.

[6 Blatchf. 253; [1] 36 How. Prac. 176; 2 Am. Law T. Rep. Bankr. 18; 2 N. B. R. 341 (Quarto. 108).]

Circuit Court, S. D. New York. Nov. 30, 1868.

BANKRUPTCY — DEBT CREATED BY FRAUD — DISCHARGE—RECORDS—PRACTICE.

1. A judgment which, by section 33 of the bankruptcy act of March 2d, 1867 (14 Stat. 533), will not be discharged by a discharge, because it is a debt created by the fraud of the bankrupt, is not, when proved in bankruptcy, subject to the provisions of the first clause of

---

[2] [From 14 N. B. R. 130.]

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

section 21 of that act, in regard to judgments on debts proved being deemed to be discharged.

[Cited in Re Migel, Case No. 9,538; Re Clews, Id. 2,891; Re Pitts, Id. 11,190; Lamp-Chimney Co. v. Ansonia Brass & Copper Co., 91 U. S. 663.]

[Cited in Ansonia Brass & Copper Co. v. New Lamp-Chimney Co., 53 N. Y. 124; Bennett v. Goldthwait, 109 Mass. 495; Brandon Manuf'g Co. v. Frazer, 47 Vt. 93; Donald v. Kell, 111 Ind. 3, 11 N. E. 782; Hamilton v. Reynolds, 88 Ind. 195; Palmer v. Preston, 45 Vt. 158; Stokes v. Mason, 10 R. I. 262, 264; Wade v. Clark, 52 Iowa, 159, 2 N. W. 1040; Young v. Grau, 14 R. I. 342.]

2. A record of a state court, which sets forth proceedings warranted by the law of that state, is entitled to verity, although not formal in some particulars.

[Cited in Re Jacobs, Case No. 7,160.]

[Cited in Palmer v. Preston, 45 Vt. 158. Cited in brief in Chafee v. Blatchford, 6 D. C. 464.]

3. This court refused to review an incidental question of practice in a bankruptcy proceeding in the district court.

[Cited in Michaels v. Post, 21 Wall. (88 U. S.) 428.]

This was a petition for a review of an order made by the district court refusing to discharge the bankrupt [Ward E. Robinson] from arrest, and also refusing to direct satisfaction to be entered, of a judgment obtained in the court of common pleas of the city and county of New York, against him, by Ann Walter, for $154.60, May 25th, 1868. The petition in bankruptcy was filed on the 30th of May, 1868.

Thomas A. Jenckes and Francis C. Nye, for the bankrupt.

Samuel Boardman, for Ann Walter.

NELSON, Circuit Justice. This application for the discharge from the arrest, and for satisfaction of the judgment, is founded upon the 21st section of the bankruptcy act, which provides, "that no creditor, proving his debt or claim, shall be allowed to maintain any suit at law, or in equity, therefor, against the bankrupt, but shall be deemed to have waived all right of action and suit against the bankrupt; and all proceedings already commenced, or unsatisfied judgments already obtained thereon, shall be deemed to be discharged and surrendered thereby." Ann Walter has proved her debt or judgment in the present bankruptcy proceedings; and, upon the words of this section, there would seem to be an end of the case. The same section further provides, that "no creditor whose debt is provable under this act shall be allowed to prosecute to final judgment any suit at law, or in equity, therefor, against the bankrupt, until the question of the debtor's discharge shall have been determined; and any such suit or proceedings shall, upon the application of the bankrupt, be stayed, to await the determination of the court in bankruptcy on the question of the discharge." It will thus be seen, that a manifest distinction is made between a creditor who has proved his debt and one who holds a provable debt. The reason for the distinction is not as manifest. The judgment of Ann Water is claimed to be founded upon a debt created by the fraud of the bankrupt. If this be so, then, according to the 33d section of that act, the discharge, if obtained by the bankrupt, will not affect it. Such a debt is expressly excepted from the operation of the discharge. The same section provides that, notwithstanding this, the creditor may come in, prove his debt, and take his dividend. Now, Ann Walter, having proved her judgment, as thus authorized, would find that judgment, taking the 21st section literally, "discharged and surrendered," notwithstanding the 33d section provides expressly that, if the debt was created by fraud, the discharge under the act shall not affect it. I think that no such intent or meaning can be reasonably imputed to the law-makers, and that, therefore, the 33d section must be regarded as, at least, taking a debt of this character out of the operation of the first clause of the 21st section. Hence, the judgment in question is not "discharged or surrendered," nor is the bankrupt entitled to be released from the arrest, or his bail from liability on the bail bond, if the debt was one created by fraud.

The district court held, that the proceedings and judgment in the court of common pleas, the record of which was produced before that court, imported on their face, according to the practice and course of proceeding in that court under the New York law, that the suit was one to recover a debt created by the fraud of the debtor, and decided that it would not go behind that record, to call in question its verity. I concur in this view. It was argued, on behalf of the bankrupt, that it should appear from the record itself, that is, from the declaration in the case, that the suit in the court of common pleas proceeded in that court on the ground of fraud. But, the question is one of practice, rather than of principle. The mode of proceeding in the court of common pleas, in a case where the debt is claimed to have been created by the fraud and deceit of the debtor, may be peculiar, and may differ from the practice in the courts of other states; but, it is understood to be warranted by the New York law, and, if so, the record is entitled to as much verity, as if the proceeding were more formal and specific.

The last clause of the 26th section of the act was referred to on the argument, but I do not see that it has any application to the case.

The other question raised and urged, namely, as to the force and effect of the order to show cause before the register why the discharge should not be granted, is so much a question of practice, that I am not inclined to interfere with the judgment of the court below in the matter. The complaint is, that the register postponed the day for the creditors to come in and show cause. Any

abuse by the register in this matter will be corrected by the court below, which has power to supervise this proceeding. [Petition denied with costs.][2]