MIFFLIN (VASSE v.). See Case No. 16,895.

## Case No. 9,538.

### In re MIGEL.

[2 N. B. R. 481 (Quarto, 153).] [1]

District Court, S. D. New York. March 23, 1869.

BANKRUPTCY—ARREST ON STATE PROCESS—DEBT FRAUDULENTLY CONTRACTED— MOTION TO VACATE—INJUNCTION.

The bankrupt having been arrested by order of a state court at the suit of creditors whose debt appeared by the order to have been fraudulently contracted, applied to have said order of arrest vacated by the bankruptcy court, and the said creditors, who had subsequently proved the debt in bankruptcy, enjoined from further proceedings thereon. *Held,* that such debt was not dischargeable in bankruptcy, and the order of the state court could not be vacated or its pro-

ceedings set aside. But that the debt being provable in bankruptcy, proceedings of the creditors in their suit in the state court would be stayed until the determination of the bankruptcy court on the question of discharge.

[Cited in Re Merchants' Ins. Co., Case No. 9,-441. Distinguished in Re Alsberg, Id. 261.]

[Cited in brief in Ansonia Brass & Copper Co. v. New Lamp Chimney Co., 53 N. Y. 124.]

In bankruptcy.

BLATCHFORD, District Judge. The bankrupt's voluntary petition in bankruptcy was filed December 11th, 1867. He was adjudicated a bankrupt on the 13th of December, 1867. On the 17th of December, 1867, an order was made by one of the justices of the supreme court of the state of New York, in a suit commenced against the bankrupt on the 14th of December, 1867, by Leopold Wise and Morris Wise, reciting that it had been made to appear to the said justice by affidavit that the plaintiffs in said suit had a sufficient cause of action against said bankrupt on a money demand on contract, and that the debt was contracted by false and fraudulent representations of the bankrupt, and requiring the sheriff of the city and county of New York forthwith to arrest the bankrupt and hold him to bail in the sum of three thousand dollars. The affidavit on which the order of arrest was made, shows a case of a debt created by the fraud of the bankrupt, and such a debt as under section thirty-three of the act would not be discharged by a discharge in bankruptcy. The bankrupt now, on a petition setting forth that the affidavit on which the order of arrest was granted was wholly false, and that the creditors have proved their debt in the bankruptcy proceedings, and that he has been arrested under the order, and given bonds to abide the order of the state court, applies to this court to vacate the order of arrest, and set aside the proceedings of the creditors, and enjoin them from further prosecuting their suit, and from proceeding further on the order of arrest.

It is urged on the part of the bankrupt, first, that the creditors, by proving their debt, have, under section twenty-one of the act [of 1867 (14 Stat. 526)] waived all right of action and suit against him; second, that this court must enquire into and determine, on this application, the question as to whether the debt in question was, in fact, created by the fraud of the bankrupt.

First. It was held by this court in the Case of Rosenberg [Case No. 12,054], that so much of section twenty-one of the act as imposes a penalty for proving a debt, cannot be construed as applying to a debt which, by section thirty-three, is not dischargeable. This view was upheld by Mr. Justice Nelson, in the circuit court for this district, in the Case of Robinson [Id. 11,939], where he holds that the thirty-third section must be regarded as taking a debt created by fraud

---

[1] [Reprinted by permission.]

out of the operation of the first clause of the twenty-first section, that is, the clause imposing, as a penalty for proving a debt, the destruction of all right of action and suit upon it. The proceedings in the supreme court in this case, so far as they have been placed before this court, consisting of the order of arrest and the affidavit on which it was made, although such order was, as is the practice, made ex parte, must, for the purposes of this application, be considered as an adjudication by the state court that this debt was created by the fraud of the bankrupt. It was open to the bankrupt to show a different state of facts to the state court, on a motion there to discharge the order of arrest. Instead of doing so, he comes into this court, on that state of facts, and claims the benefit of the last clause of section twenty-six of the act, which provides that "no bankrupt shall be liable to arrest during the pendency of the proceedings in bankruptcy, in any civil action, unless the same is founded on some debt or claim from which his discharge in bankruptcy would not release him." As the order of arrest states, on its face, that it has been made to appear by affidavit, to the justice issuing it, that the debt was contracted by false and fraudulent representations of the bankrupt, the debt must be regarded as being taken out of the operation of the first clause of the twenty-first section.

Second. The order of arrest must be regarded, at least for the purposes of this application, as an adjudication by the state court between the parties to the suit in which the order is entitled; that the arrest was founded on a debt from which a discharge in bankruptcy would not release the bankrupt. In re Robinson, before cited. In Re Kimball [Id. 7,768], it was held by this court that where it appears, by inspection of the proceedings in the state court in which the arrest was made, that the arrest was founded by the state court on a debt which appears, on the face of such proceedings, to be one created by the fraud of the bankrupt, this court will not enquire any further into the question of fraud or no fraud, on an application to discharge from the arrest. The decision of this court in that case was affirmed by Mr. Justice Nelson, in the circuit court for this district, In re Kimball [Id. 7,769], who says, in his opinion, that the question whether the federal court will, under the twenty-sixth section, discharge the bankrupt from arrest during the pendency of the bankruptcy-proceedings, "must depend upon the case presented upon which the arrest was made in the action in the state court." In this case, therefore, this court cannot go behind the order of arrest, and the adjudication which is found on its face.

It results that the order of arrest cannot be vacated, nor can the proceedings of the creditors in arresting the bankrupt be set aside. But as the debt sued on in the state court by the creditors is a provable debt, the suit must be stayed until a determination is had as to the discharge, whether the debt be one that will be discharged or one that will not be discharged. In re Rosenberg, before cited. The further proceedings of the creditors in the suit, must, therefore, be stayed, in accordance with the provision of section twenty-one, to await the determination of this court in bankruptcy on the question of the discharge.