## AARON COFFEE v. BALL, HUTCHINS & CO.

1. BANKRUPTCY—ABATEMENT.—A suit instituted in a State court against a debtor, and in which service has been obtained, does not necessarily abate for want of jurisdiction in the State court, when the debtor is afterwards adjudged a bankrupt on a petition filed after the jurisdiction of the State court attached. Nor, under such circumstances, will the suit necessarily abate on the proving up of the claim by the creditor, or by his discharge in bankruptcy.

2. PRACTICE.—A State court in which a suit is brought will take no notice of proceedings in bankruptcy in a Federal court, unless it is presented in such way as to invoke judicial action.

3. ABATEMENT—BANKRUPTCY.—One against whom a judgment by default has been rendered in a State court, after his discharge in bankruptcy, and in a suit instituted before proceedings in bankruptcy were begun, cannot obtain relief against the judgment in a subsequent proceeding, unless he alleges and proves some valid defense, legal or equitable, and shows that there was some mistake, accident, trust, or fraud, by which he was prevented from making his defense at the proper time.

ERROR from Galveston. Tried below before the Hon. A. P. McCormick.

This was a suit, brought in the District Court of Galveston

county, on the 28th day of May, 1871, by Aaron Coffee, to set aside a judgment by default that had been rendered by that court, on the 3d of March, against him, in favor of the defendants. At the November Term, 1872, of the District Court, a jury was waived, and the case submitted to the court upon the pleadings and an agreed statement of the facts, upon which judgment was rendered for the defendants.

The facts, about which there was no controversy, were, as alleged in the petition, that on the 6th of December, 1866, Ball, Hutchings & Co. instituted suit in the District Court of Galveston county against Coffee, who resided in Brazoria county, upon a promissory note executed on the 9th of June, 1861, for $1,050, and service was made on the 15th of December, 1866. This suit remained upon the docket, and was continued from term to term, until March, 1871, when judgment by default was taken against the defendant. Prior to the rendition of this judgment, to wit, on the 29th, day of February, 1868, Coffee filed his petition, in the United States District Court at Galveston, sitting as a court of bankruptcy, praying, among other things, to be discharged from his liabilities, under the provisions of the Bankrupt act. On the 1st of April following he was adjudged a bankrupt. On the 8th of May, 1868, Ball, Hutchings & Co., after being duly notified of the proceedings in bankruptcy, proved and filed, in the Bankrupt Court, their claim for the amount due on the note upon which they had commenced suit, in the District Court of Galveston county, on the 6th day of December, 1866.

Coffee was discharged from his liabilities, in accordance with the provisions of the Bankrupt act, on the 7th of April, 1869.

*Gresham & Mann*, for plaintiff in error, contended—

I. That at the time judgment was rendered by default in the State court, that court had no jurisdiction over him;

citing Gordon *v.* Longest, 16 Pet., 104; Sampson *v.* Burton, 4 Bank. Reg., 1; Taylor *v.* Bonnett, 38 Tex., 523.

II. Ball, Hutchings & Co., by proving their claim, and making themselves parties to the proceedings in bankruptcy, waived their right to proceed to judgment in the State court after the discharge of Coffee by the Bankrupt Court. The first clause of the twenty-first section of the Bankrupt act provides, "that no creditor proving his debt or claim shall be allowed to maintain any suit at law or in equity therefor against the bankrupt, but shall be deemed to have waived all right of action and suit against the bankrupt; and all proceedings already commenced, or unsatisfied judgments already obtained thereon, shall be deemed to be discharged and surrendered thereby." The language here employed is clear and explicit: that "all proceedings already commenced shall be deemed to be discharged and surrendered, by the creditor proving his debt." The natural signification of these words can be limited only in so far as it would be inconsistent with other provisions of the act. We therefore submit, that this clause, when construed with the whole act, means that a creditor, by proving his debt, waives all right of action against the bankrupt, except in those cases enumerated in section 33 of the act; and proceedings already commenced are discharged by operation of law. But should the bankrupt fail to obtain his discharge, then his creditors, who have proved their debts, have the right, after the judgment of the Bankrupt Court, to commence and prosecute these legal remedies. This view of the law is sustained not only by the language of the statute, but by its history. Our system was borrowed from that of England; and upon an examination of the law of that country, we find that before the passage of the statute of 1849, George III, there was no rule of law prohibiting a creditor of a bankrupt, who had proved his debt, from proceeding by suit against the bankrupt, to compel payment of the debt that had been proved. But the

Court of Chancery, in the exercise of the power which it had over suitors, would, previous to any statutory provision on the subject, compel a creditor, who had proved his debt against the bankrupt under the commission, to elect between that and other remedies for the collection of his debt. (*Ex-parte* Salkeld, 1 P. Wm., 561; Aylett *v.* Harford, 2 W. Black., 1317.) In order to reconcile the conflict between the courts of law and chancery upon this subject, the statute of 1849, George III, was passed, the fourteenth section of which provided that the proving of a debt under commission against the bankrupt should be deemed an election by the creditor to take the benefit of such commission, with respect to the debt so proved. In Reed *v.* Sweeny, 3 M. & S., 78, Lord Ellenborough, in construing this section, says: "It seems to me that the act is introductory of a new state of things arising out of the creditor's proving his debt under the commission; it shall be deemed an election by him to take the benefit of such commission, with respect to the debt so proved. 'Election' here imports that he renounces his other rights for the sake of that which he elects." In the same case, Dampier, J., says: "The statute meant to take away the remedy by action." Congress, in order to obviate some of the difficulties that had arisen under the English Bankrupt act, in the fifth section of the Bankrupt act of 1841, declared that "no creditor, or other person, coming in and proving his debt or other claim, shall be allowed to maintain any suit in law or equity therefor, but shall be deemed thereby to have waived all right of action and suit against such bankrupt." When the act of 1867 was passed, Congress, in order that there might be no doubt that a creditor, by proving his debt, waived all right of action, and that all suits pending should be dismissed by operation of law, changed a little the phraseology of the act of 1841, and added: "And all proceedings already commenced, or unsatisfied judgments already obtained thereon, shall be deemed to

be discharged and surrendered thereby." Thus our law, instead of prohibiting a creditor from coming in and proving a debt until he had relinquished any suit that he may have instituted for the collection of that debt, as he was bound to do in England, and instead of declaring the proof of the debt an election by the creditor to take the benefit of the proceedings in bankruptcy, declares that the mere act of proving a debt under the proceedings in bankruptcy shall of itself be deemed a surrender of all proceedings already commenced. (See the opinion of the court in Haxton *v.* Corse, 2 Barb. Ch., 522–531, where the act of 1841 is very ably and elaborately discussed.) .

III. Coffee is entitled, in equity, to the relief prayed for.

As the record shows, judgment by default was taken by Ball, Hutchings & Co. against Coffee, at the February Term, 1871, of the District Court of Galveston county; and at the June Term following, Coffee brought his suit to set aside that judgment, and to enjoin the defendants from enforcing it. This suit was an equitable proceeding; and whatever equitable rights the plaintiff had, could be considered, and should be enforced, in this case, by the court. (Davis *v.* Terry, 33 Tex., 426.)

*Charles I. Evans,* also for plaintiff in error, after arguing at length the difference between the English and American systems of bankruptcy, and insisting that there was no analogy between them, contended—

I. That the State court was ousted of its jurisdiction by the bankruptcy of defendant *pendente lite;* citing Taylor *v.* Bonnett, 38 Tex., 522; Kennedy *v.* Rust, 25 La. Ann., 554; Lewis *v.* Fisk, 6 Rob., (La.,) 159; Tobin *v.* Trump, 3 Brewster, (Penn.,) 288; Newman *v.* Fisher,. 37 Md., 259; Allen *v.* Montgomery, 10 Nat. Bank. Reg., 503; *In re* Archenbrown, 11 Id., 149; Watson *v.* Savings Bank, 11 Id., 161; Planters' Bank *v.* Lanusse, 10 Mart., (La.,) 690; Wikoff *v.* Duncan,

Id., 668; Alsabrooks *v.* Cates, 5 Heisk., (Tenn.,) 271; Bump's Bank., 7th ed., 5110, 5111, 5120; Johnson *v.* Poag, 39 Tex., 92; Foster *v.* Wells, 4 Id., 103; Weathered *v.* Mays, Id., 388.)

II. That the plaintiff below became *civiliter mortuus* by reason of the proceedings in bankruptcy, and the suit abated as to him; citing Herndon *v.* Howard, 9 Wall., 665; Cannon *v.* Wellford, 22 Gratt., 198; Story's Eq., secs. 328, 329, 342 and note, and 349 and note; Fisher *v.* Vose, 3 Rob., (La.,) 457; West *v.* Creditors, 4 Id., 88; Harrod *v.* Burgess, 5 Id., 449; Lockett *v.* Hoge, 9 Nat. Bank. Reg., 167; Randall *v.* Mumford, 18 Ves. Jr., 424; Sedgwick *v.* Cleveland, 7 Paige Ch., 290; Anon., 10 Id., 20; Story's Eq., secs. 342, 354; Danl. Chan. Prac., 229; Knight *v.* Callender, 10 La., 226; Levy *v.* Jacobs, 12 Id., 110; Muse *v.* Yarborough, 11 Id., 521; Adams *v.* Bridger, 8 Bing., 314; Augarde *v.* Thompson, 2 M. & W., 617; Chitty on Cont., 204; Bennett *v.* Goldthwait, 109 Mass., 494; Wilson *v.* Capuro, 41 Cal., 551.

It is believed that the bankruptcy of Coffee had the same effect on the suit pending against him in the State court as if he had died a natural death. By his bankruptcy, and consequent civil death, that court lost its jurisdiction of his person and estate, and the same was thereby transferred to the Bankrupt Court, having exclusive jurisdiction thereof. If he had died a natural death, the case would have been transferred to the tribunal invested by statute with the exclusive jurisdiction of matters pertaining to the estates of decedents. (Robertson *v.* Paul, 16 Tex., 475; Bissell *v.* City of Lavaca, 6 Tex., 54; Able *v.* Bloomfield, Id., 263; Mitchell *v.* Runkle, 25 Tex. Supp., 136; Herndon *v.* Howard, 9 Wall., 665; Rugely *v.* Robinson, 10 Ala., 702; Brandon *v.* Cabiness, Id., 155; Lacey, Terrell & Co. *v.* Rockett, 11 Id., 1002; Brooks *v.* Harris, 12 Id., 555; Sedgwick *v.* Cleveland, 7 Paige Ch., 291; Swepson *v.* Rouse, 65 N. C., 34; Rogers *v.* Western Ins. Co., 1 La. Ann., 161; Cannon *v.* Wellford, 22 Gratt., 198; Knight *v.* Callender, 10 La., 229.

III. That the contract was swept away and extinguished by discharge in bankruptcy; citing May v. Breed, 7 Cush., 37; Murphy v. Smith, 22 La. Ann., 441; Stewart v. Reckless, 4 Zab., (N. J.,) 427; 57 Me., 26; *In re* Liebenstien, 4 Ca. Leg. News, 309; Olyphant v. Atwood, 4 Bos., (N. Y.,) 470; Kunzler v. Kohaus, 5 Hill, 317.

*Ballinger, Jack & Mott*, for defendant in error.

I. There is no evidence in the record to warrant the reversal of this case. Coffee applied for and obtained a discharge under the bankruptcy law, but that discharge was not universal in its application. The thirty-third section expressly precludes from its benefits certain debts therein enumerated, but authorizes such debts to be proved, and dividends received on account. How is this court to ascertain whether or not the judgment of Ball, Hutchings & Co. was embraced in the exceptions? That question is to be tested by the pleadings and statement of facts. The certificate of discharge itself excludes the above-named exceptions. Ball, Hutchings & Co. recovered their judgment after the date of this discharge. The basis of that judgment was the note of Coffee; but whatever other basis it may have had is unknown to this court. Coffee filed this bill to vacate this judgment by reason of his discharge. The onus was of course upon him, seeking extraordinary relief in equity, to plead and prove his whole case; otherwise he was not entitled to the relief sought. (*In re* Ghiradelli, 4 Bank. Reg., 42; Bump on Bankruptcy, 376.) If this view be correct, an affirmance of the judgment follows.

II. It is contended, by appellant, that the State court had no jurisdiction over Coffee after his adjudication of bankruptcy, and could proceed no further with the original case. Section 21 of the act is quoted in support of this position, and a part of that section admits of such construction. But a succeeding paragraph of the same section provides: "And any such suit or proceeding shall, upon the application of the

bankrupt, be stayed, to await the determination of the court in bankruptcy on the question of the discharge." The general clauses of this section are somewhat contradictory. They are to be construed together, and their real meaning arrived at. The suit or proceedings here referred to, are suit or proceedings against the bankrupt pending his discharge. The creditor files his suit; the debtor goes into bankruptcy. It is not contemplated that such suit shall abate. On the contrary, its postponement is expressly provided for. It is the right of the bankrupt to stay the suit until the question of discharge be settled. Even this is not peremptory, but this privilege is conceded to him. If he does not avail of it, the fault is his own. After his discharge is granted, he may plead his certificate, and defend upon it as best he can. If he fails to set up the discharge against recovery of judgment, such judgment is valid and binding.

The provisions of the different clauses of this section are fully and ably discussed, by the United States District Court for the Southern District of New York, in *In re* Myron Rosenberg, reported in the second volume of Bankruptcy Register, page 82. The opinion in this case is pronounced by Judge Blatchford, noted for his experience and ability in this branch of the law.

III. It is alleged, however, that Ball, Hutchings & Co., by proving their claim in bankruptcy, waived their right to proceed to judgment. We find no case cited which fairly supports this position. It is not supported by reason. Having a claim against Coffee provable in bankruptcy, and having notice of his bankruptcy, they had no election save to prove their claim or to abandon it. They submitted themselves to the jurisdiction of the Federal court *pro hâc vice*, had their claim verified, and put themselves in position to receive dividends from the assignee. This was their right and duty. But they did not abandon or dismiss their suit. They stayed it, but continued to maintain it, and in due time recovered

their judgment. Had they failed to present their claim within the time and in the manner prescribed in the act, Coffee, or perhaps any creditor of his, could have interposed such failure as a bar to the further prosecution of their suit—a contingency which they of course desired to avoid. They would have been concluded by their own default.

Such construction of the act of Congress will not be adopted by the court, if any other be fairly admissible.

IV. The bankrupt, having obtained his discharge, was bound to plead his certificate in defense of the original action; otherwise he waived his rights under it, so far as that action is concerned. In the absence of such plea, the court could have no notice or knowledge of the fact; and he is concluded by the judgment. It is too late afterwards to set up such defense; not being made in due time, it is waived; and there can be no revival of right to it. It is a personal plea, which must be pleaded or waived.

In Fellows *v.* Hall, 3 McLean, 281, Justice McLean says: "Until this plea [bankruptcy] is interposed, the plaintiff is not bound to take notice of the bankruptcy of the defendant. He may, indeed, waive the defense, rather than draw in question the validity of the proceeding in bankruptcy." And again: "This is not a favored defense. It may be defeated if the discharge was fraudulently obtained. And we think it should be pleaded both at law and in equity, and cannot be taken advantage of by motion." (Palmer *v.* Merrill, 57 Me., 26; Manwarring *v.* Kouns, 35 Tex., 171; Bradford *v.* Rice, 102 Mass., 472; Hollister *v.* Abbott, 31 N. H., 442.)

ROBERTS, CHIEF JUSTICE.—This suit having been brought in the District Court, and citation having been served upon the appellant before he filed his petition in bankruptcy, the suit on the note thus instituted by appellees did not necessarily abate, for want of jurisdiction, by reason of either the filing of said petition, or by the appellees having proved up

and presented their claim on said note in the Bankrupt Court, or by his discharge in bankruptcy.   (Bump, 114, 115.)

The note, so far as anything appears in the record and judgment complained of, may have been a debt which was not discharged by his proceedings in bankruptcy, by being a debt within the exceptions contained in the thirty-third section of the Bankrupt law.   (Bump, sec. 33, p. 439.)

A State court in which a suit is brought will take no notice of proceedings in bankruptcy in a Federal court, unless it is properly presented in a way that it can be judicially acted upon.

The District Court of Galveston County, wherein said suit upon said note was pending, was the proper tribunal to determine that matter, had the discharge been pleaded as a defense.   (Bump, sec. 34, pp. 443–44.)   For that reason, it was necessary that appellant should have filed in said District Court a plea setting up his discharge.   (Fellows *v.* Hall & Allen, 3 McLean, 281;  Palmer *v.* Merrill, 57 Me., 29 ;  *In re* Robinson, 6 Blatchf., 253.)

Having failed to do so, and judgment by default having been rendered against him upon said note originally sued on, he filed the petition in this case, in the nature of a bill in equity, to be relieved from the legal consequences of said judgment so rendered, in favor of appellees, against him.

Without testing the sufficiency of the petition, by having the exceptions to it ruled upon, there being a plea of general denial filed, a jury was waived, the cause was submitted to the court upon the pleadings and upon the facts agreed upon by the parties, and upon "the law and facts" a judgment was rendered against the appellant, from which he has appealed to this court.

To justify this remedy, it was necessary to allege and prove a valid defense, legal or equitable, and some good ground of mistake, accident, trust, or fraud, by which he was prevented from making his defense at the proper time.

The petition alleged, that the note upon which said judgment was rendered was given for a slave, purchased by appellant from appellees. That might have been sufficient to show that it was a debt not falling within the exceptions of the thirty-third section of the Bankrupt law, and consequently the discharge, if pleaded, would have been a defense to the note. But this fact was not proved, as shown by the agreed statement of facts in the record.

The petition also alleged, in substance, that the appellees had proved up their claim in bankruptcy; that he thought that the suit in the District Court had been dismissed, as it should have been, and appellees by their acts misled appellant, which they well knew, and notwithstanding which they took their judgment by default. There was no proof that appellees did anything to mislead the appellant, unless it was the act of proving up their claim in the Bankrupt Court; and that was not a fact which should have misled appellant.

There was no proof that appellees knew that appellant was misled by it, or had any right to presume it.

Thus the appellee has wholly failed to establish any equitable grounds of relief, upon the trial of the cause below.

When a party seeks to be relieved from a judgment, it is incumbent upon him to allege and prove all such facts, if not admitted, as may be necessary to establish affirmatively good grounds of equitable relief.

This not having been done in this case, we are not authorized to hold that the judgment of the court is erroneous.

Judgment affirmed.

AFFIRMED.