## A. S. MILLER ET AL. v. A. N. CLEMENTS ET AL.

(Case No. 659.)

1. INJUNCTION.— An injunction to restrain the collection of a monied judgment rendered by a court of competent jurisdiction, which issued more than a year after the rendition of the judgment, no sufficient reason appearing why the writ was not sooner applied for, and no fraud being alleged in its procurement, was properly dissolved.

2. BANKRUPTCY.— A state court does not lose its jurisdiction of the person of a defendant on account of his being adjudicated a bankrupt, nor will it take notice of proceedings in bankruptcy in a federal court, unless properly presented in such way that they may be judicially acted on.

3. BANKRUPT.— One who desires to avail himself of his discharge in bankruptcy, as a defense against a suit pending in a state court, must plead it; failing to do so, neither his ignorance of his duty, or his negligence, will invalidate the judgment which may be rendered in the state court against him.

4. INJUNCTION BOND.— An injunction bond, instead of being executed for double the amount of the monied judgment, the collection of which was enjoined, was executed for a smaller amount than the judgment. On dissolution of the injunction, judgment was rendered against the plaintiff and his securities for so much of the principal debt as was covered by the bond. *Held* —

> 1. The plaintiff and his securities could not complain, since they would have been liable to a judgment for the full amount of the debt enjoined, had a proper bond been executed.

ERROR from Gonzales. Tried below before the Hon. John P. White.

Suit by injunction by plaintiff in error to restrain the collection of a monied judgment. It is alleged in the petition for injunction, that, pending a suit in the district court of Gonzales county by defendant in error against his former guardian, upon his bond, the plaintiff in error (who was one of the sureties) was duly declared a bankrupt, and proceedings were stayed in the cause for several year; that afterwards the bankrupt made no further appearance in the cause, and that finally judgment was rendered against him for the sum of $774.86 on the 10th of

November, 1870. It is alleged that plaintiff had notice of the proceedings in bankruptcy; that complainant knew nothing of the rendition of judgment against him until 1874, and that he was unrepresented in court. It is shown by the bill that the discharge in bankruptcy was never pleaded, and the court had no notice that the said complainant had ever been discharged in bankruptcy, nor is it alleged that the claim was ever proven up against the bankrupt estate in the bankrupt court.

Another cause of complaint made in the petition for injunction was, that the execution issued upon the judgment was put into the hands of a special deputy sheriff, and it is alleged in the bill that there is no such officer known to the law, and that his acts are void.

Another complaint is, that the officer made no demand for a levy, but proceeded to levy on a bale of cotton; that the defendant in the execution executed a replevin bond for the sum of $60, the value of the bale of cotton; that the cotton was not forthcoming at the day of sale, and the bond was returned by the officer forfeited; that thereupon an execution was issued against the defendant and his sureties upon the replevin bond for the sum of $60 and costs, and complaint is made that the execution was not issued for the full amount of the original judgment, thus dividing the judgment against the defendant into two separate debts, which is alleged to be unlawful. The above constitute the only grounds made in the bill for injunction. For these reasons prayer was made to restrain further proceedings under the execution, and to restrain the plaintiff in the judgment from suing out any other executions, and that the judgment be declared void.

The court granted the prayer of the petition, and fixed the amount of the bond to be executed by complainant at $150.

At the ensuing term the defendants pleaded to the bill by special exceptions, and motion to dissolve the injunc-

tion; and also, at the same time, filed a general demurrer and answer to the merits. The court sustained exceptions and granted the motion to dissolve. To this the complainant excepted, and gave notice of appeal. There was no motion to hold the bill over to be tried on the facts. There was judgment against the complainant and his sureties on his bond for the full amount of the bond, viz.: $150. From this judgment a writ of error was sued out. The assignments of error are, that the court erred —

1. In dissolving the injunction.

2. In entering final judgment on the dissolution of the injunction.

3. That the reasons for dissolving the injunction were not sworn to.

4. That the judgment was excessive.

5. That it was contrary to law and the facts.

*Miller & Sayers*, for plaintiffs in error.

*Harwood & Winston*, for defendants.

QUINAN, COMMISSIONER.— 1. The injunction issued in this case was properly dissolved. It issued more than a year after the rendition of the judgment it enjoins. The judgment was rendered on November 10, 1870. The petition was filed January 30, 1875. Pasch. Dig., art. 3931.

2. Nor is any good reason shown why the writ was not sooner sued out. He charges neither fraud nor false promises practiced or made by the plaintiffs in the judgment.

3. Nor was the judgment a nullity by reason of anything he has alleged. The suit against him was instituted in 1865. It remained pending and was continued from term to term until matured into a judgment. He avers that he obtained a discharge in bankruptcy in 1868; that plaintiff had legal notice of that fact; that by the provisions of the general bankrupt law, all proceedings in the

district court of Gonzales county against him were stayed; that the court had no jurisdiction to proceed further in the case; that he had no notice, nor was he represented in court after his adjudication in bankruptcy, and no knowledge of any judgment against him until September 22, 1874; but he does not aver that the continuance of the case was had because of any suggestion of his bankruptcy or application therefor by him; nor that he pleaded his discharge in that suit.

"A state court will take no notice of proceedings in bankruptcy in a federal court unless it is properly presented in a way that it can be judicially acted upon." Coffee v. Ball, 49 Tex., 16; Flanagan v. Pearson, 42 Tex., 1.

Nor is a discharge in bankruptcy of any avail, unless pleaded and proven. Manwarring v. Kouns, 35 Tex., 172.

Nor does the state court lose its jurisdiction of the person of the defendant by his being adjudicated a bankrupt. Flanagan v. Pearson, 42 Tex., 1.

Miller then continued in court a party to the suit against him. It was his duty, if he wished to avail himself of his discharge, to plead it; not having done so, and no fraud being practiced upon him to prevent him from doing so, he cannot set up his negligence or ignorance of the law to set aside a judgment which by his own default he has suffered to be rendered against him. Neither in law nor in equity has he any claim to be relieved from the consequences of his own laches.

4. The judgment is valid.

Objection is made to the levy of the execution upon his cotton by a special deputy sheriff. This seems to be frivolous. The officer was none the less a deputy sheriff because he may have styled himself a special or principal deputy. Besides, Miller replevied the property, giving bond in due form; and having so obtained it, he must be considered as waiving all objections to the mere irregularity, if any, in making the levy. The bond is a statu-

tory judgment upon which execution may issue. Portis *v.* Parker, 8 Tex., 23.

5. The execution was properly issued on the forfeiture of the delivery bond. Sayles' Practice.

6. The judgment upon the dissolution of the injunction is rendered against Miller and his sureties on the bond for injunction for $150, and this is complained of as error. The whole judgment was enjoined. The bond should have been given in double the amount of it, and in that case the defendant in the injunction suit would have recovered judgment on the dissolution of it, for his whole debt. He cannot complain that by the failure of the judge to require a bond in sufficient amount, the judgment can only be rendered against him and sureties for the amount of the bond. The judgment rendered is not as plaintiff in error objects, for damages, but for so much of the principal debt.

7. The judgment was final upon the dissolution of the injunction — it disposed of the whole case. No motion was made to continue it over for further adjudication, and the decree was therefore properly rendered. Prior *v.* Emerson, 22 Tex., 165.

We are of opinion that the proper disposition of this case is that it be affirmed.

AFFIRMED.

[Opinion delivered March 8, 1881.]