Adopted.

---

## S. B. EASLEY, Admr., et al. v. AARON BLEDSOE.

SUPREME COURT, AUSTIN TERM, 1883.

*Injunction—Bankruptcy.*—Where the defense arises subsequent to the rendition of the judgment, the statute requiring the injunction to be sued out within twelve months does not apply.

Injunction is a proper remedy to stay further proceedings upon a judgment where the judgment debtor was discharged by bankruptcy proceedings, the debt upon which the judgment was based being provable in bankruptcy.

Appeal from Falls County. Opinion by Willie, C. J.

We will consider only one of the grounds upon which the injunction was sued out and perpetuated: the fact that appellee had been discharged in bankruptcy after the date of the rendition of the judgment which was enjoined. It is true that the bankruptcy proceedings were commenced before this judgment was obtained, and that no steps had been taken to stay proceedings in the cause wherein it was rendered. The debt sued on was provable in bankruptcy, and the creditor was forbidden to prosecute it to final judgment until the question of the debtor's discharge should be determined. Rev. Stat. U. S., Sec. 5106. If the suit could proceed to judgment

it was only for the purpose of ascertaining the amount due, which amount might be proved in bankruptcy. Ib.

If the debtor was discharged before judgment it was his duty to plead such discharge in bar of the action and failing to do so, it could not avail him in any other proceeding as a protection against the demand. Miller v. Clements, 54 Tex. 351. Coffee v. Ball, 49 Tex. 16.

But having been discharged after judgment his appropriate remedy was the one he pursued, viz: by injunction to stay further proceedings upon the judgment.

In such case it is not improper for the court to inquire into the nature of the demand upon which the judgment was obtained in order to ascertain whether or not it was provable in bankruptcy, and released by the discharge. Flanagan v. Pearson, 42 Tex. 1; Wade v. Clark, 35 Am. R. 262; Anderson v. Anderson, 38 Am. R. 797.

There is some conflict of authority as to whether, in such cases, the original debt or the judgment should be proved in bankruptcy. See Bump, Bankruptcy, page 508, for the decisions *pro* and *con.*

Some courts too have held that neither the debt nor the judgment were provable in bankruptcy, and hence were not discharged by it. Bradford v. Rice, 102 Mass. 472, and other cases cited in Bump's Bankruptcy, p. 508. But the great weight of authority is to the contrary, and such is the effect of the ruling of our own court in Flanagan v. Pearson, 42 Tex. 1.

The debt or judgment being provable it matters not whether it was actually proved or not as it was scheduled by the bankrupt amongst the claims for which he was liable.

The law provides that the discharge shall release all debts which were or might have been proved against the estate in bankruptcy. Rev. Stat. U. S. Sec. 5119. There is nothing in the point made that the injunction was not applied for within one year after the date of the judgment. This is not required where the injunction is sought on account of some defence arising subsequent to its rendition, which was the case here. Rev. Stat. Art. 2875.

There is no error in the judgment, and it is affirmed.