H. LEVYSON v. HARBERT, BLANKS & CO.

(No. 2243.)

APPEAL from Caldwell County.   Opinion by WHITE, P. J.

*(Transferred from Austin.)*

WALTON, HILL & WALTON, J. F. CAHILL and THOS. McNEAL, counsel for appellant.

M. R. STRINGFELLOW, counsel for appellees.

§ 214. *Discharge in bankruptcy; plea of, held insufficient; when plea of must be interposed; case stated.*   January 21, 1878, appellees recovered a judgment in the county court against appellant.   The cause was appealed to the court of appeals, and in 1881 the judgment of the lower court was affirmed.   July, 1881, the mandate was filed in the county court, and final judgment was rendered in said court in said cause in accordance with said mandate.   Prior to May, 1878, appellant filed his petition in bankruptcy in the United States district court of the western district of Texas, and on the 6th day of July,

1878, he obtained in said court his final discharge in bankruptcy. Appellees' judgment against appellant having become dormant, because of failure to have execution issued thereon, they brought this suit to revive said judgment, and appellant pleaded in bar his said discharge in bankruptcy. Upon a trial of the case the court rendered judgment reviving the original judgment, and for costs, and awarding execution upon said original judgment. *Held:* Appellant's plea of his discharge in bankruptcy is a general one. It does not affirmatively allege that this particular debt was involved, considered or adjudicated in said bankruptcy proceeding. In this respect the plea was defective. It should have shown by proper affirmative averments that the judgment sought to be revived had, as a debt, been adjudicated or setted in the bankruptcy proceeding. It should have shown that said judgment did not come within the exceptions contained in the thirty-third section of the bankrupt law. [Bump on Bank. sec. 33, p. 439; Coffee v. Ball, 49 Tex. 16.] A party seeking such extraordinary relief in equity as that he is exonerated from the payment of a just and honest debt should plead and prove his whole case, otherwise he is not entitled to the relief sought. [In re Ghiradelli, 4 Bank. Reg. 42; Bump on Bank. 376.] After appellant instituted his bankruptcy proceeding, the judgment against him was pending on appeal in the court of appeals, and he took no steps to stay it, which he might have done, because in such a case there is no final judgment within the meaning of the bankrupt law. [Bump on Bank. p. 183.] When the mandate of the court of appeals, affirming said judgment, was filed in the county court, appellant might then have interposed his discharge in bankruptcy, but he did not do so. "A state court will take no notice of proceedings in bankruptcy in a federal court, unless it is properly presented in a way that it can be judicially acted upon." Such a proceeding, to be availed of, must be pleaded and proved. [Coffee v. Ball, 49 Tex. 16; Flannigan v. Pearson, 42 Tex. 1; Manwaring

v. Kouns, 35 Tex. 172; Miller v. Clements, 54 Tex. 351.]
We are of the opinion that appellant neither pleaded nor
proved his defense of a discharge in bankruptcy. If he
ever had such defense against appellees' judgment, he
waived the same by not presenting it in due time.

December 8, 1886.                          Affirmed.