### In re LEWENSOHN.

(District Court, S. D. New York. January 27, 1900.)

1. BANKRUPTCY—PROOF OF DEBT—REMEDY UNDER STATE LAW.

Where the state law gives a remedy for the collection of debts fraudulently contracted, by the arrest of the debtor, proof of a claim against the estate of a bankrupt for goods sold and delivered will not prejudice the right of the creditor to proceed against him by suit in the state courts on a complaint alleging that the sale of the goods was procured by the false representations of the defendant.

2. SAME—DEBTS AFFECTED BY DISCHARGE—FRAUD.

A judgment in an action for the value of goods sold and delivered to defendant, where it is alleged and found that the sale was procured by his false representations, is a debt which will not be released by the defendant's discharge in bankruptcy.

3. SAME—EXEMPTION OF BANKRUPT FROM ARREST—LIMITATION OF TIME.

Bankr. Act 1898, § 9a, subd. 2, providing that a bankrupt shall be exempt from arrest on civil process issuing from a state court, upon a debt or claim from which his discharge in bankruptcy would not be a release, "when in attendance upon a court of bankruptcy or engaged in the performance of a duty imposed by this act," is not to be restricted to the particular occasions when the bankrupt is physically in attendance in court, or actually engaged in performing a required duty, but is extended by general order 12 to the whole period of time during which his performance of the duties imposed by the act may be ordered; that is, until the final adjudication on his application for discharge, or until the time limited for such application has expired.

4. SAME—PROTECTION AGAINST ARREST—IMPOSING TERMS.

Under general order No. 12 (18 Sup. Ct. vi.), providing that a bankrupt may receive "a protection against arrest, to continue until the final adjudication on his application for a discharge, unless suspended or vacated by order of the court," the court may impose terms on granting such protection, and hence, in a proper case, may require the bankrupt to furnish a bond, with sureties, conditioned that during its continuance he will obey all orders of the court, and not meanwhile depart from its jurisdiction.

In Bankruptcy.

Meyers, Goldsmith & Bronner, for bankrupt.

Blumenstiel & Hirsch, opposed.

BROWN, District Judge. Four creditors, after having proved their claims before the referee in bankruptcy for the sale and delivery of goods, commenced suits in the state court against the above-named bankrupt, alleging that the goods so sold were obtained by false representations, and, in accordance with the state procedure, obtained warrants directing the sheriff to arrest the defendant and to hold him to bail to answer any final process against his person. Before any arrest under these warrants, the bankrupt procured in this court a temporary stay upon an order to show cause why they should not be vacated. The affidavit on which this order was issued states the above facts; that the adjudication of the defendant as a bankrupt was had under a voluntary petition on October 26, 1899; a meeting of creditors and the election of a trustee in December, and proof of claims, as above stated; that the bankrupt was then under examination, which had been adjourned from time to time and not then concluded; that witnesses would also be subpoenaed to attend before the referee, at which the bankrupt's interests require that he should attend; that there will be great difficulty in giving bail upon all the above warrants, and that he will be liable to be committed in close custody and be prevented from giving the time and attention necessary to the proper liquidation of his estate in bankruptcy.

1. There is no essential difference between the claims proved, and the claims sued upon in the state court. The claims proved were for goods sold and delivered, nothing being said about the false representations by which they were procured. In the suits, the sale and delivery of the goods are alleged, and the specific false representations by which they were procured are stated, and judgment asked for the value of the goods. The state practice requires that in order to subject the defendant to arrest on final process, the complaint shall state and the judgment find fraud. In cases of this kind, no purely technical considerations as to the precise form of action should be regarded, where, as in this case, there is an essential identity in the claims. In re Kimball, 1 N. B. R. 197, 14 Fed. Cas. 474. All those claims were provable debts, and proof of them before the referee in no way prejudiced the creditors' remedy under the state law by arrest, on account of the fraud by which the sale and delivery of the goods were procured. Loveland, Bankr. 626; In re Robinson, 2 N. B. R. 341, Fed. Cas. No. 11,939; In re Rosenberg, 2 N. B. R. 236, Fed. Cas. No. 12,054; In re Migel, 2 N. B. R. 481, Fed. Cas. No. 9,538.

2. Nor is there any doubt that if the charges of false representations are sustained, these debts would be barred from the operation of the discharge by subdivision 2 of section 17, or by subdivision 4, of the bankruptcy act. Different views have been entertained of the scope of these paragraphs. Paragraph 4 may be regarded as merely a brief substitute for section 5117, Rev. St., and thus applicable to frauds generally; and section 2, as respects frauds, to be designed merely to remove the doubts which arose under the act of 1867, whether a judgment for such frauds, by merger of the original debt, did not make the discharge operative upon it. On the

other hand subdivision 2 might be construed as requiring that for all frauds other than official or fiduciary ones, judgments should be obtained in order to prevent their being barred; and the frauds referred to in subdivision 4 deemed limited to those committed by a person acting in an official or in a fiduciary capacity. Loveland, Bankr. 625; Coll. Bankr. 135, 172; Low. Bankr. 307, 308; In re Thomas (D. C.) 92 Fed. 912; In re Rhutassel (D. C.) 96 Fed. 597; Howland v. Carson, 16 N. B. R. 372, 28 Ohio St. 625.

It is immaterial here which of these views is adopted. If a judgment is necessary to prevent the discharge from barring the debt, a prosecution of the suit to judgment should be allowed; since the essential nature of the claim, if the charges of false representation are sustained, makes it one which evidently was not designed to be barred.

3. By section 9a, subd. 2, the bankrupt is declared entitled to be exempt from arrest on civil process, except upon a debt or claim from which his discharge would not be a release. This imports that the bankrupt shall not be exempt from arrest where the debt or claim would not be released by his discharge, except to the limited extent provided; namely, when the bankrupt is "in attendance upon a court of bankruptcy or engaged in the performance of a duty imposed by the act."

This latter exception is new; there was no similar provision in the act of 1867. How far does this exception extend? Is it to be construed as applying to the whole period during which the bankrupt has duties to perform, or only to the particular occasions when he is actually performing them? Section 7 imposes numerous duties upon the bankrupt which continue at least up to the time of the hearing on his discharge. In most important cases his attendance for examination is required on numerous occasions from time to time, not merely upon his original examination and on his examination upon the application for a discharge, but on many other questions that frequently arise with reference to his assets or to disputed or doubtful liens or claims against the estate.

For the bankrupt it is contended that a liberal construction should be given to this exemption, in order to avoid the perpetual embarrassments in the bankruptcy proceedings which would be caused by his incarceration under state process. Opposed to this it is urged, that the exemption should be limited to the particular occasions when the bankrupt is actually in attendance in court, or actually performing a required duty, differing little from the ordinary right of a witness to exemption while in attendance on the court, to which exemption he was held entitled under the act of 1867 without any express provision. In re Kimball, 1 N. B. R. 193, 14 Fed. Cas. 474.

In general order 12 (18 Sup. Ct. vi.) the supreme court, in prescribing the precise extent of the bankrupt's protection from arrest, seems virtually to have given its own construction to this section, by providing that the bankrupt shall attend before the referee on a day named; "and from that day shall be subject to the orders of the court in all matters relating to his bankruptcy, and may receive from the referee a protection against arrest to continue until the final adjudication on

his application for a discharge, unless suspended or vacated by order of the court."

General order 30 (18 Sup. Ct. viii.), being presumably limited in its operation to the same period of time (Loveland, Bankr. 514), becomes thereby practically compatible with section 9a, subd. 2. In the case of In re Baker (D. C.) 96 Fed. 954, the exception in section 9a, subd. 2, is not considered.

The construction apparently given to that section by general order 12, does not seriously interfere with the creditors' right to arrest in cases where the discharge is not a bar. It merely suspends the exercise of that right for a certain limited period. The bankrupt is not entitled to postpone his application for a discharge beyond a year from the adjudication, and no extension of time would be granted by the court merely to prolong his freedom from arrest.

As this court may suspend or vacate the protection from arrest provided by rule 12, the court may grant it on terms, and hence under section 2, subd. 15, may require security that the bankrupt during its continuance will obey all orders of the court and not meanwhile depart from its jurisdiction. Upon the bankrupt's giving a bond to that effect, with approved security, the stay should be continued for a period not exceeding 12 months from the date of adjudication, unless an application for discharge be then pending, and in that case, until the final determination of that application.