WAGNER v. UNITED STATES et al.

(Circuit Court of Appeals, Sixth Circuit. October 2, 1900.)

No. 759.

1. BANKRUPTCY — STAY OF PROCEEDINGS IN STATE COURT — POWERS OF COURT OF BANKRUPTCY.

Under Bankr. Act 1898, § 11, which authorizes a court of bankruptcy to stay proceedings in any suit against the bankrupt which is founded upon a claim from which a discharge would be a release, the bankruptcy court has exclusive jurisdiction to determine, for the purpose of an application for an order staying proceedings in a state court, whether or not the claim upon which such proceedings are founded is one provable in bankruptcy, and which would be released by a discharge, and its determination is conclusive until reversed.

2. SAME — VIOLATION OF STAY ORDER — CONTEMPT PROCEEDINGS TO ENFORCE PAYMENT OF ALIMONY.

A court of bankruptcy issued an order, under Bankr. Act 1898, § 11, staying further proceedings against a bankrupt in a state court to enforce the payment of installments of alimony which had matured under a prior decree of the state court. After the service of such order the state court adjudged the bankrupt in contempt for a failure to pay such matured installments, or to show cause for such failure, and committed him to jail. *Held*, that as the purpose of such commitment was merely to coerce the payment of the alimony, and not to punish a criminal contempt, it was in violation of the order of the bankruptcy court, whose jurisdiction in the matter was supreme, and that the bankrupt was entitled to be discharged on habeas corpus, without regard to the question whether the claim for alimony was one against the enforcement of which a restraining order should have been granted.

Appeal from the District Court of the United States for the District of Kentucky.

Habeas corpus. On May 1, 1899, Charles S. Houston, a bankrupt, filed a petition in bankruptcy in the district court of the United States for the district of Kentucky. In his schedule of debts, attached to his petition, it is stated: That the Campbell circuit court on January 14, 1899, rendered a decree of divorce in favor of Patti W. Houston, wife of the bankrupt, and also then, and again on January 27, 1899, entered a judgment or decree granting her an allowance of $5 per week as alimony, payable weekly. Of this alimony, 4 weeks, including that due May 1, 1899, has matured and is unpaid. That said Patti W. Houston is now about 22 years of age. That, according to the life expectancy tables, she will probably live 40 years, or 2,080 weeks, and that the alimony pendente lite unpaid is for the period of 10 weeks. On the 3d day of May, 1899, said Charles S. Houston was adjudicated a bankrupt. On the 9th of May, 1899, said bankrupt filed his petition and motion, asking an injunction and stay of proceedings in the action wherein the payment of alimony was adjudged as aforesaid. In the petition filed it is alleged that 4 weeks of said weekly allowance have matured and are unpaid; that said claim is one in which a discharge in bankruptcy will operate as a release; that said Patti W. Houston is endeavoring to collect the matured alimony under rule for contempt, and that said prisoner is threatened with imprisonment unless he pays same, which he asserts he is unable to do; and that unless a proper order be made, staying further proceedings in said case in the Campbell circuit court, he will be imprisoned before the time shall have elapsed after which he can file his petition for a discharge. Upon hearing said petition on said 9th day of May, the bankruptcy court ordered that further proceedings in said Campbell circuit court for the enforcement of the claim of said Patti W. Houston for installments of alimony matured be restrained until further order of court. The restraining order was issued, and on the same day served on the judge of the Campbell circuit court. Said Patti W. Houston ap-

peared, and moved to dismiss the motion and petition on May 10, 1899, and to dissolve the restraining order. She averred that the only proceeding in said court pending against said bankrupt was a suit instituted in said court sua sponte to punish said Houston for contempt, for nonpayment of installments of alimony. She also averred that said decree in alimony was not a provable debt in bankruptcy, and that it could not be affected by a discharge in bankruptcy, or any proceedings therein. On the 11th day of May, 1899, while said order was in full force, the following order was made in the state court in said alimony suit: "The rule issued in this case required the defendant to show cause why, on the several Wednesdays he was directed to perform orders of this court, he has not obeyed same. To this rule he responds that he has no money at the date of the response,—a time subsequent to any of the times mentioned in the order. No showing is made of his inability to so obey this court at those times. Although informed of this defect in his response, he still stands mute. As to the plain requirements of this rule being, therefore, in contempt, it is therefore ordered that he be conveyed to jail, and there to remain until he purge himself of such contempt aforesaid." The same day a supplemental order was made as follows: "The former order herein is so modified that the defendant will remain in jail until Monday next, when he will be returned to this court for further proceedings." Having been committed to jail under this order of the state circuit court, said bankrupt filed his petition before the district judge of the United States for the district of Kentucky, showing his detention under such order, reciting the decree for alimony and proceedings in bankruptcy, and the issuing of an injunction, as aforesaid. Thereupon the United States district judge issued a writ of habeas corpus ordering the said Charles S. Houston to be brought before him on the 13th day of May, 1899. This order having been served upon the appellant, the jailer having said Houston in custody in Campbell county, Ky., he made answer on the return day that the facts stated in the application for the writ were true, attaching the copies of the orders of the court committing said Houston to his custody. After argument the court found that said Houston was restrained of his liberty in violation of the constitution and laws of the United States, and ordered him to be discharged from custody, from which order the appeal in this case is taken.

Charles J. Helm, for appellant.

C. S. Furber, for appellees.

Before LURTON, DAY, and SEVERENS, Circuit Judges.

DAY, Circuit Judge, after stating the foregoing facts, delivered the opinion of the court.

There can be no question that, under the constitution and laws of the United States, exclusive power is given to the courts of the United States in matters of bankruptcy. By section 11 of the "act of 1898, to establish a uniform system of bankruptcy throughout the United States," it is provided that a suit which is founded upon a claim from which a discharge would be a release, and which is pending against a person at the time of the filing of a petition against him, shall be stayed until after an adjudication or the dismissal of the petition. If such person is adjudged a bankrupt, then such action may be further stayed until 12 months after the date of such adjudication, or, if within that time such person applies for a discharge, then until the question of such discharge is determined. From the statement of this case it appears that Houston, having been adjudicated a bankrupt, filed an application for a restraining order against the opposing party to restrain further proceedings for the collection of alimony under the decree awarding alimony to his wife. The district court, acting upon the belief and understanding that this claim was one for

which a discharge, when granted, would be a release, exercised the power conferred by the statute, and granted the restraining order, which was duly served before the order punishing the bankrupt for contempt was made by the state court. After the service thereof, and acting with knowledge thereof, as appears in the record, the state court made the order recited in the statement of facts, committing the bankrupt to jail for nonpayment of the alimony theretofore decreed. It is said that this was a punishment in the state court for acts theretofore committed in violation of orders of the court, and for which the state court had the power and jurisdiction to punish the bankrupt notwithstanding the proceedings in bankruptcy and the restraining order which had been granted in the case. Upon examination, we are constrained to take a different view of this order. It does not purport to be a punishment for a criminal contempt, but a committal of the bankrupt for the nonpayment of the alimony in question. It is a punishment for civil contempt, the object of the order being to coerce payment of the sums of alimony theretofore ordered to be paid. The restraining order in the bankruptcy court had distinctly directed that no further proceedings be had for the collection of other sums of alimony pending the bankruptcy proceedings. In other words, it seems to us quite clear that the state court undertook to punish the bankrupt for nonperformance of the very things which the bankrupt court, exercising the power granted by law, had restrained the party in interest from compelling the bankrupt to do. The question therefore presented is whether the bankrupt, having been committed in violation of the restraining order theretofore made by the bankruptcy court, exercising its plenary power, can be released from imprisonment under proceedings in habeas corpus. The question elaborately argued, but which we deem unnecessary to decide, is whether a decree for alimony is a provable debt under the bankrupt law. The real issue to be determined here is as to the force and effect of the order made within the jurisdiction conferred by law upon the bankruptcy court. It seems to us it is immaterial whether the court's view of the provability of the alimony claim in bankruptcy is sound or unsound. Jurisdiction is lawfully given to the bankruptcy court to stay proceedings pending bankruptcy upon claims which are provable. As jurisdiction is thus given to the bankruptcy court when an application is presented to it for a restraining order under this power to determine whether the claim is thus provable, an erroneous decision does not make void the judgment of the court. It is unnecessary to cite authorities to the proposition that an order within the jurisdiction of the court, until reversed, is binding and conclusive upon all parties. The question is not whether the discharge, when granted, will be a bar to an action for the recovery of alimony, but whether the orders of the court were within its jurisdiction under the power granted by law. The court, in passing upon applications under this section of the bankrupt law, is given the right to determine the question of the provability of debts. This is necessarily so in the execution of the power conferred by statute. This order, then, being within the jurisdiction of the court, is valid and binding upon all parties. There can be no question that the imprison-

ment and punishment of the bankrupt in violation of this order is such a deprivation of his liberty as justifies his release upon an order in habeas corpus. In the administration of justice the courts of the United States, by all proper means, should endeavor to avoid conflict of jurisdiction with the state courts, and a similar obligation rests upon the latter in reference to matters committed by law to the jurisdiction of the former. In the enforcement of the powers conferred by the constitution and laws in bankruptcy matters, so long as the district court acts in the matter within its powers, its jurisdiction is exclusive and supreme. Finding that the bankruptcy court was acting within its jurisdiction in issuing a restraining order, and that the bankrupt was committed in violation thereof, we think the conclusion reached by the district court proper. The order of the court will be affirmed.