### In re MARCUS et al.

(Circuit Court of Appeals, First Circuit. January 17, 1901.)

#### No. 361.

BANKRUPTCY—ARREST—WRIT OF PROTECTION—JUDGMENT FOR COSTS.

A writ of protection against arrest of a bankrupt in civil actions save in those which are exempted by Bankr. Act 1898, § 9, does not protect him from arrest on execution on judgment for costs rendered against him after the adjudication; such costs not being provable, within section 63a. Wagner v. U. S. (C. C. A.) 104 Fed. 133, distinguished, and In re Marcus (D. C.) 104 Fed. 331, approved.

Petition for Revision of Proceedings in the District Court for the District of Massachusetts.

See 104 Fed. 331.

James D. Thomson, pro se.
Hiram P. Harriman, for defendants.

Before COLT and PUTNAM, Circuit Judges, and WEBB, District Judge.

PUTNAM, Circuit Judge. The bankrupt against whom this petition was brought was arrested on an execution which issued from the superior court for and within the county of Suffolk, in the state of Massachusetts, on a judgment rendered after the adjudication in bankruptcy. The judgment was for costs in a suit brought by the bankrupt against the petitioner before the petition in bankruptcy was filed, which suit was disposed of in favor of the petitioner, and judgment thereon entered as already said. At the time of his arrest the bankrupt held a writ of protection, as follows:

"Commonwealth of Massachusetts. In the District Court of the United States for the District of Massachusetts. In the Matter of Alfred A. Marcus and Simeon Marcus, Bankrupts, in Bankruptcy.

"To all Persons Interested in Said Estate: Whereas, said bankrupts, on the twentieth day of March, A. D. 1900, did apply to me, James M. Olmstead, a referee in bankruptcy for and as said district court, for a writ of protection, it is hereby ordered and decreed that said bankrupts be, and are hereby, protected and exempt from arrest in all civil actions brought against them, save in those which are exempted by section 9 of the bankruptcy act. This order to continue until the final adjudication on their application for their discharge, unless suspended or vacated by order of this court; and it is further ordered or decreed that all persons are prohibited from arresting the said Alfred A. Marcus and Simeon Marcus, save as aforesaid, until adjudication on their application for a discharge.

"Witness my hand at Boston, in said district, this seventeenth day of May, A. D. 1900.　　　　　　　　　　　　　　　　　James M. Olmstead."

The bankrupt applied to the district court, sitting in bankruptcy, to be discharged from the arrest, and a discharge was ordered, and this petition was brought to revise that adjudication. The record shows that, in ordering the discharge, the court relied on the writ of protection, though apparently its specific terms were not brought to its attention, and that it did not rely on the provision in the bankrupt act of July 1, 1898 (section 9a), which exempts a bankrupt from arrest when in attendance upon a court of bankruptcy, or when engaged in the performance of a duty imposed by the act, nor on the broad powers asserted for courts of bankruptcy by the circuit court of appeals for the Sixth circuit in Wagner v. U. S. (C. C. A.) 104 Fed. 133.

The bankrupt was adjudicated such on his own petition, filed before the judgment for costs was rendered, as already said. Therefore the costs were not provable against his estate, and consequently they were within the letter of the express exceptions in section 9a, so far as they relate to arrests on civil process when issued upon a debt or claim from which a discharge in bankruptcy is not a release. Section 63a directs specifically what taxable costs are prov-

able, and its provisions with reference thereto must be held to cover that entire subject-matter, and to exclude such costs from being considered in connection with those parts of the act which relate to provable "unliquidated claims." In this particular we agree with the conclusions of Judge Lowell, sitting in the district court for the district of Massachusetts, reported in Re Marcus (D. C.) 104 Fed. 331. We also agree with the conclusions there expressed, that, ordinarily, a bankrupt is not entitled to be protected from arrest on an execution of the character of that now before us. We also concur in the construction and effect there given to the writ of protection in that case, which we are advised was the same in form as the writ of protection in the case at bar, in that it relates only to actions on claims or debts which are provable.

We are not called upon to determine what should be our action if the court below had undertaken to proceed on the broad principles asserted in Wagner v. U. S., or had held that the bankrupt should be discharged from arrest because he was in attendance on the court, or engaged in the performance of some duty imposed on him. Under the circumstances, the arrest cannot be regarded as illegal, the bankrupt should not have been discharged therefrom, and this petition is well grounded.

Let there be a decree for the petitioner, with costs against the respondents.