## KNOTT et al. v. PUTNAM.

(District Court, D. Vermont. April 4, 1901.)

1. BANKRUPTCY—EXEMPTION OF BANKRUPT FROM ARREST—INJUNCTION.

The determination by a state court in an action against a bankrupt that the debt sued on was created by the fraud of the defendant while acting in a fiduciary capacity, and the awarding of an execution against his body under the state statute, are not conclusive upon the court of bankruptcy on a petition for an injunction to restrain the enforcement of such execution that the debt is one from which the bankrupt will not be released by a discharge under Bankr. Act 1898, § 17, but that question is to be determined by the court of bankruptcy for itself under the federal laws and decisions.

2. SAME—DEBTS RELEASED BY DISCHARGE.

A debt for the proceeds of cotton purchased and resold by a bankrupt as a broker on orders from a customer is one from which he is released

by a discharge under Bankr. Act 1898, § 17, and his right to exemption from arrest and imprisonment upon an execution issued from a state court upon such debt will be protected by injunction pending a determination of his application for discharge.

In Equity.

Wilder L. Burnap and David J. Foster, for bankrupts.
Clarke C. Fitts and James L. Martin, for creditor.

WHEELER, District Judge. The Vermont Statutes provide (section 1734): "When judgment is recovered in an action for moneys received by the defendant in a fiduciary capacity, and the court at the time of its rendition so adjudges, execution may issue against, and be served on, the body of the defendant." And section 1752: "If it appears to the court that a defendant intentionally converted said money or other property to his use, or diverted or misapplied the same, or the use thereof, it shall adjudge that the cause of action arose from the wilful and malicious act of the defendant, and that he ought to be confined in close jail." The Revised Statutes of the United States provide (section 720) that an injunction shall not be granted by United States courts to stay proceedings in state courts, "except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy." The bankrupt act provides that the courts of bankruptcy shall (section 2, subd. 11) "determine all claims of bankrupts to their exemptions"; (section 9) "a bankrupt shall be exempt from arrest upon civil process except in the following cases: * * * (2) When issued from a state court having jurisdiction, and served within such state, upon a debt or claim from which his discharge in bankruptcy would not be a release"; and (section 17) "a discharge in bankruptcy shall release a bankrupt from all his provable debts, except such as were created by his fraud, embezzlement, misappropriation, or defalcation while acting as an officer or in any fiduciary capacity." And rule 30 of general orders in bankruptcy provides for the discharge of bankrupts from arrest on provable debts on habeas corpus. The bankrupts were brokers dealing in cotton and other commodities for other persons. The defendant's debt was scheduled in time, but, without proving it, he has recovered judgment against them for $1,193.34, with costs, $20.81, in Windham county court, a state court of general jurisdiction, in an action upon the common counts in assumpsit and this specification:

Knott & Closson to Fred W. Putnam, Dr.

| 1899. | Feb. | 6. | To cash placed in your hands and held by you in fiduciary capacity for purchase of cotton.... | $ 250 00 |
| | Mar. | 25. | "        "        "    .... | 125 00 |
| | Apr. | 18. | "        "        "    .... | 125 00 |
| 1900. | Feb. | 20. | To cash received by you, proceeds of my cotton sold by you in fiduciary capacity.......... | 1,193 34 |
| | | | To cash of mine held by you in fiduciary capacity | 1,193 34 |

And it was adjudged by the court "that the sum of which this judgment was rendered was received and held by the defendants in a fiduciary capacity for the plaintiff," and "that the cause of action

arose from the willful and malicious act of the defendants, and that they ought to be confined in close jail."

The bill alleges and the answer admits that the defendant has taken out an execution against the bodies of the bankrupts with a certificate of the accompanying adjudication indorsed thereon, and was about to have it served by committing them to jail when the bill was brought. A motion for a preliminary injunction has been heard on bill and answer from which the facts stated appear. The defendant took no notice of the bankruptcy proceeding in this court, but went on in the state court as if his debt was such that it would not be discharged in bankruptcy. The principal question is whether it is such a debt. It may be that a proper mode, or the proper mode, of proceeding in this court for relief against the improper use of such a judgment on a debt that would be discharged is by summary petition, rather than by formal bill. White v. Schloerb, 178 U. S. 542, 20 Sup. Ct. 1007, 44 L. Ed. 1183. If so, this bill includes what would be required in such a petition, and may be treated as such, and the answer to it as an answer to such. Rule 12, subd. 3, requires such an application for an injunction to stay proceedings of a court or officers to be heard and decided by the judge, and this is so done. Counsel for the defendant insist that the decision of the state court is conclusive as to the nature of the debt and motives of the bankrupts. This is deemed to be true so far as these matters were before that court for decision. They included whether the plaintiff there (the defendant here) was entitled to recover, and for how much, and whether he was entitled to a close-jail certificate under the state statutes, but not how he should be restrained from using same by the bankruptcy proceedings under the United States statutes. The certificate would pertain to the remedy under the state statute. Adams v. Wait, 42 Vt. 16. The question before the state court was whether it should be granted, and the decision upon that question this court has no jurisdiction to review; but whether the execution awarded with the certificate upon it should be used for imprisoning the bankrupts to compel payment is a separate question for this court. In passing upon it the decisions of the supreme court of the United States must be followed. Similar expressions to those of the present act in respect to debts for money received in a fiduciary capacity were in the acts of 1841 and 1867. In Chapman v. Forsyth, 2 How. 202, 11 L. Ed. 236, the supreme court held that a debt for the proceeds of cotton shipped to and sold by brokers was discharged by the proceedings in bankruptcy. In this case the judgment was for the proceeds of the cotton sold; and there would be no difference between the proceeds of cotton sent to brokers and sold and of cotton bought by brokers and sold. In Hennequin v. Clews, 111 U. S. 676, 4 Sup. Ct. 576, 28 L. Ed. 565, the same question arose upon the effect of the analagous expressions of the act of 1867 upon a debt for the proceeds of bonds deposited with a broker for collateral security. The court reviewed the various prior bankrupt acts and cases, and held that the adoption of similar expressions of one after another included the same construction, although the words were slightly different; and that

Chapman v. Forsyth, under the act of 1841, was to be followed under the corresponding expressions of the act of 1867. In Hammond v. Noble, 57 Vt. 193, the defendant had collected money for the plaintiffs, and the question was whether the debt was discharged by proceedings under the act of 1867. The court charged the jury that, if the direction of the plaintiffs to the defendant was "that, when he received the money, he was to keep it until they demanded it," he received it in a fiduciary character, and the plaintiffs would be entitled to recover. Thereupon the supreme court of the United States in Noble v. Hammond, 129 U. S. 65, 9 Sup. Ct. 235, 32 L. Ed. 621, again reviewed the cases, and followed again Chapman v. Forsyth, and held, notwithstanding the finding of the jury, that the debt was discharged. The cases cited in behalf of the defendant on the argument—In re Rhutassel, 2 Am. Bankr. R. 697, 96 Fed. 597; In re Lewensohn, 3 Am. Bankr. R. 594, 99 Fed. 73, and Forsyth v. Vehmeyer, 3 Am. Bankr. R. 807, 20 Sup. Ct. 623, 44 L. Ed. 723—do not tend to vary the conclusion to which the cases from the United States supreme court directly lead, and which is that arrest of the bankrupts upon the execution should be now stayed. An application for discharge was lodged in the clerk's office within 12 months from the adjudication, which is pending. The stay should continue during the pendency till further order. Motion for injunction till further order granted.