UNITED STATES ex rel. MANSFIELD v. FLYNN, Superintendent of City Prison.

(District Court, S. D. New York. October 22, 1909.)

BANKRUPTCY (§ 392*)—PROTECTION OF BANKRUPT FROM ARREST—POWER OF COURT OF BANKRUPTCY.

    Where a bankrupt, who resided in another state, on being required to appear to testify before a referee, was given an order of protection prohibiting any person from arresting him on civil process while in the state in attendance on the hearing and for a stated time thereafter, an arrest on such a process before the expiration of the time is a violation of such order, and he will be discharged by the court of bankruptcy on writ of habeas corpus, regardless of whether or not the claim on which he was arrested is dischargeable in bankruptcy.

    [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 392.*]

Habeas Corpus. Application for the discharge from civil arrest of James H. Mansfield, bankrupt. Order of discharge granted.

James C. Lenney, for relator.

HAND, District Judge. The relator herein filed a voluntary petition in bankruptcy March 8, 1909, among the schedules of which he placed the claim of one Charles Smeiser for $3,773.53, which was the face of a judgment recovered by Smeiser against him in the Supreme Court of New York February 18, 1909. The judgment was for conversion of certain stocks of Smeiser which had been left in the relator's hands. On April 8, 1909, Judge Holt gave the usual stay protecting the relator from all proceedings on the part of Smeiser or his agents to enforce the judgment, and on June 21, 1909, Smeiser moved to vacate this stay upon the ground that the judgment was not dischargeable in bankruptcy. This motion came on before me, and I entered an order denying the motion on June 29, 1909.

The referee called the first meeting of creditors July 9, 1909, and at that meeting Smeiser's attorney, Reno R. Billington, filed a proof of claim and objected to the bankruptcy proceeding on the score of jurisdiction, alleging that the relator had not resided in this district for the greater part of six months immediately preceding the proceedings. The referee declined to consider the point, and on the 14th day of July Smeiser moved this court for an order dismissing the petition for lack of jurisdiction. At that time I directed a reference to determine whether the relator had in fact resided for the last six months in this district. This hearing commenced on the 16th of July, 1909. The relator was then without the state of New York, but his attorney

produced one witness for examination. The hearings were adjourned until the 29th day of July, 1909, on which day the referee had directed the relator's attorney, at the request of Smeiser, to produce him for examination. Prior to producing him, his attorney, on the 29th of July, procured an order of protection from the referee, which provided that all persons were prohibited from arresting the relator upon any civil process while he was in attendance in this court on the 29th of July, or at such further day as he might be directed to be present, and also from arresting him on civil process while coming from Rockingham, in Massachusetts, to the city of New York, for the purpose of attending the hearings, or while returning. The relator did attend the examination on the 29th of July, and on the completion of his examination, while leaving the building in which the reference had been held, he was arrested upon the criminal charge of grand larceny, preferred by Smeiser before Magistrate Finn, one of the city magistrates of the city of New York. He was committed to await the action of the grand jury on August 5, 1909, and he remained in prison under that charge until September 3, 1909, when he was released upon bail.

Meanwhile, and on the 4th day of August, 1909, I made an order modifying the order of Mr. Smith, the referee, and providing that the relator should be exempt from arrest on civil process only for a period of two days after he had been excused from bankruptcy court. I can find no papers upon which this order was entered; but the purpose of the order obviously was to prevent him, under the guise of remaining in attendance upon the hearings, from abusing the privilege so accorded him by loitering within this state. On August 14th, however, the relator's attorney presented an affidavit to me, showing that his delay in the state was in fact caused by his imprisonment'on the criminal charge, and I therefore amended ,my order of August 4th so as to provide that the two days given him after the close of the hearing during which to leave the state should not include the time during which he was imprisoned under the criminal charge. On September 3d, therefore, there existed an order of this court forbidding any person from arresting him on civil process until a period of two days had elapsed from the conclusion .of his attendance at the hearings, not counting the time during which he was imprisoned on the criminal charge.

He was bailed on the criminal charge, as I have said, on September 3, 1909, and immediately and upon that day was arrested upon a civil warrant issued by the Supreme Court of the state of New York in the action of Hubbell against James H. Mansfield. The complaint in that action is for damages caused to the plaintiff by false representations of the relator, and it was clearly designed to set up a claim not dischargeable in bankruptcy. The action was started after my decision on the Smeiser judgment, and was undoubtedly meant to avoid the effect of that decision. On September 15, 1909, his bail likewise arrested him and delivered him in exoneration of their undertaking in Smeiser v. Mansfield. It does not appear in the moving papers

what that undertaking is; but it must have been an undertaking either upon a preliminary warrant of arrest, or upon a body execution.

At present, therefore, the relator is restrained under two civil arrests: First, under execution or order of arrest in the Smeiser action; second, under order of arrest in the Hubbell action. So far as concerns the claim under the Smeiser judgment, I have already passed upon its dischargeability, and the arrest by the bail was in violation of Judge Holt's order of April 8, 1909, which operated as well against the bail as against Smeiser, and also of my order of August 14, 1909.

So far as concerns the Hubbell arrest, it is by no means necessary to decide that the claim set up in the complaint is dischargeable. The relator, when the action was commenced, was out of the jurisdiction of the New York Supreme Court. The referee, upon Smeiser's request, had directed his production here and had given him a writ of protection. That protection had been expressly extended under my order of August 14, 1909, so as to cover the time when he was in fact arrested, and the arrest was in violation of that order. The order was valid, regardless of the dischargeability of the debt under Act July 1, 1898, c. 541, § 9a (2), 30 Stat. 549 (U. S. Comp. St. 1901, p. 3425), since the relator was arrested while in attendance on the court and while engaged in the performance of a duty imposed by the act. Wagner v. U. S., 104 Fed. 133, 43 C. C. A. 445, 4 Am. Bankr. Rep. 596; Re Lewensohn (D. C.) 98 Fed. 576. Re Marcus, 105 Fed. 907, 45 C. C. A. 115, is not to the contrary. In such a case habeas corpus is the proper remedy, under Rev. St. § 753 (U. S. Comp. St. 1901, p. 592). Wagner v. U. S., 104 Fed. 133, 43 C. C. A. 445, 4 Am. Bankr. Rep. 596.

Draw an order directing the present officer to whom the relator has been delivered to release him. I wish also to inquire into the violations of the orders of April 8, 1909, and August 14, 1909. Therefore prepare and serve orders directing the bail and Smeiser and his attorney to show cause why they should not be punished for a contempt of these orders. Let the orders be made upon an affidavit embodying this opinion, and be returnable at the motion term, on November 1st, so that the parties may have a reasonable time to prepare.