PALAU ET AL., PROMOVENTES, *v.* LÓPEZ, JUEZ DE DISTRITO, DEMANDADO.

SOLICITUD para que se expida mandamiento de *certiorari* al Juez de la Corte de Distrito de Humacao.

No. 97.—Resuelto en enero 17, 1913.

CERTIORARI—SUSPENSIÓN DEL PROCEDIMIENTO HIPOTECARIO—QUIEBRA—CORTE FEDERAL.—De acuerdo con la sección 11, de la Ley Federal de Quiebras, no pueden suspenderse todos los pleitos pendientes o que puedan iniciarse contra un quebrado, por medio de una orden que en términos generales decrete la suspensión de todos dichos pleitos, sino que es necesario que la orden de suspensión se refiera a cada caso concreto que haya de suspenderse. La orden apelada es errónea por ese motivo.

Los hechos están expresados en la opinión.

Abogado de los peticionarios: *Sr. Antonio Sarmiento.*

El demandado no compareció.

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Presentada en esta Corte Suprema una solicitud de José Palau Olivas y Ramona Rucabado Vázquez para que expidamos un auto de *certiorari* contra el Juez de la Corte de Distrito de Humacao, con objeto de que revisemos los procedimientos que sigue en una reclamación que para el cobro de una hipoteca han establecido por el procedimiento ejecutivo de la Ley Hipotecaria, se reclamaron los autos originales, y una vez recibidos se celebró una vista a la que sólo concurrió el abogado de los peticionarios.

De las actuaciones recibidas resulta que presentada en 15 de agosto de 1912 en la Corte de Distrito de Humacao un escrito de José Palau Olivas y Ramona Rucabado Vázquez iniciando procedimiento ejecutivo hipotecario para el cobro de una hipoteca contra la razón social Solá e Hijo, acompañado de varios documentos, y en el que se pide el requerimiento de pago a Marcelino Solá Rodríguez como socio gestor de Solá e Hijo, la expresada corte por su orden de 18 de noviembre de 1912, fundándose en que el Hon. Juez de la Corte de Distrito de los Estados Unidos para el Distrito de Puerto Rico, le había dirigido una orden en 5 de agosto de 1912, por la que le mandaba la suspensión de todos los casos que se relacionen con Solá e Hijo, con Solá e Hijos, S. en C., con Marcelino A. Solá y Marcelino Solá, mientras se resuelven los casos de quiebra números 61, 64 y 65, decretó la suspensión del procedimiento iniciado por José Palau Olivas y Ramona Rucabado Vázquez y de cualquier trámite que en el mismo se solicite, hasta que sean resueltos esos procedimientos de quiebra o sea modificada la orden de suspensión referida. Tal es la situación de esos autos al ser remitidos a esta Corte Suprema.

Así, pues, habiendo resuelto la Corte de Distrito de Humacao que no se tramite el procedimiento iniciado por los peticionarios y que quede paralizado hasta que se terminen los casos de quiebra a que se refiere en su orden o hasta que la Corte de Distrito de los Estados Unidos para el Distrito de Puerto Rico, la modifique, la cuestión a resolver es si tal orden de suspensión de la Corte de Distrito de Humacao ha sido decretada de acuerdo con la ley.

La sección 11 (*a*) de la ley de quiebras dice así: "Se suspenderá toda reclamación de la cual quedaría exento el quebrado por consecuencia de una orden de liberación, que se encuentre pendiente al tiempo en que se presentare una petición de quiebra contra él, hasta después que recaiga la declaración de quiebra o de la desestimación de la petición de la misma. Si la persona demandada es declarada quebrada,

la acción se suspenderá por once meses más, a contar desde la fecha de tal resolución, o si dentro de dicho tiempo el quebrado solicita su liberación, entonces la suspensión durará hasta que la cuestión relativa a dicha liberación quede resuelta.''

Este precepto, aplicable tanto a los pleitos o reclamaciones pendientes al presentarse la petición de quiebra, voluntaria o involuntaria, *In re* Geister, (N. D. Ia. 1899) 97 Fed. 322, 3 Am. Bankr. Rep., 228, como a los que se establezcan después de presentada dicha petición, *In re* Basch, (S. D N. Y., 1899) 97 Fed. 761, 3 Am. Bankr. Rep. 235; *In re* Hicks, 133 Fed. Rep. 739, 13 Am. Bankr. Rep. 654, no dispone que por la petición o declaración de quiebra hayan de quedar en suspenso necesariamente todos los pleitos contra el quebrado, sino aquellos fundados en reclamaciónes, de las cuales quedaría exento el quebrado por consecuencia de una orden de liberación. En consecuencia es necesario que en cada caso pendiente o iniciado después se resuelva y decrete si el pleito ha de quedar o nó en suspenso. *New River Coal Land Co.* v. *Ruffner,* (C. C. A., 4th Cir., 1908) 165 Fed. 881, 21 Am. Bankr. Rep., 474; *Wagner* v. *U. S.,* (C. C. A., 6th Cir., 1900) 104 Fed. 133, 4 Am. Bankr. Rep., 596; *Knott* v. *Putnam,* (D. C. Vt. 1901) 107 Fed. 907, 6 Am. Bankr. Rep., 80.

No basta, por tanto, una orden que en términos generales decrete la suspensión de todos los pleitos pendientes o que puedan iniciarse, de cualquiera clase que sean, sino que la orden de suspensión ha de referirse a cada caso concreto que haya de suspenderse; y como en el presente caso la Corte de Distrito de los Estados Unidos para el Distrito de Puerto Rico, que es la que conoce de las quiebras, no ha dado la orden de suspensión del procedimiento iniciado por José Palau Olivas y Ramona Rucabado Vázquez ni tampoco la Corte de Distrito de Humacao ha decretado tal suspensión resolviendo alguna petición en tal sentido, hecha a ella por parte interesada, erró la expresada Corte de Distrito de Humacao al decretar, sin esos requisitos, la suspensión de

tal procedimiento y al no resolver la petición de dichos se-
ñores de acuerdo con lo que fuera procedente en ley.

Debe, en consecuencia, anularse la orden de 18 de no-
viembre de 1912 dictada por la Corte de Distrito de Humacao
y devolvérsele las diligencias que se reclamaron para que
resuelva lo que sea procedente en derecho.

*Con lugar la solicitud.*

Jueces concurrentes: Sres. Presidente Hernández y Aso-
ciados MacLeary, Wolf y del Toro.