## In re BRAUN.

### (District Court, M. D. Pennsylvania. July 26, 1919.)

### No. 3664.

1. **INJUNCTION** ⬅219—RESTRAINING ORDER—DISOBEDIENCE.

   An order actually made by a court restraining proceedings is binding until reversed or set aside, even though the court making it is without jurisdiction, and it is a contempt for parties restrained to proceed while the order is in force.

2. **BANKRUPTCY** ⬅391(3)—RESTRAINING ORDER—CONTEMPT.

   Where, after two judgment creditors levied execution, the debtor filed a petition and was adjudicated a bankrupt and proceedings on writs of execution were stayed, *held* that, though the bankrupt had waived in the judgments his right to personal exemptions, it was a contempt of court for the judgment creditors to proceed under the writs of execution to sell property set aside to the bankrupt on his claim of exemptions, the restraining order not having been modified so as to allow such proceedings; and this is so even though the creditors were entitled to reach such property.

3. **CONTEMPT** ⬅2, 70—INTENT—MITIGATION OF PUNISHMENT.

   That there was no moral intent to defy the court or its order is no defense in a proceeding for contempt in violating a restraining order of the court, but it will serve to mitigate the punishment.

In Bankruptcy. In the matter of Otto Braun, bankrupt. Sur rule to show cause why respondents should not be held in contempt of court. Order filed.

M. C. Rhone, of Williamsport, Pa., for trustee.

McCormick & Hipple, of Williamsport, Pa., and H. S. Furst, of Lock Haven, Pa., for respondents.

WITMER, District Judge. This is a rule to show cause why respondents shall not be held in contempt of court for alleged violation of a restraining order in a bankruptcy proceeding. It appears that, before filing the creditors' petition, John Rich & Bro. issued a writ of fieri facias on a judgment against Otto Braun, entered in the court of common pleas of Potter county. On March 11, 1918, the writ was placed in the hands of the sheriff, whereon all of the defendant's personal property was seized and levied. A few days later, a testatum fieri facias against defendant was also placed in the hands of the sheriff, wherein the Atlantic Refining Company is plaintiff. Levy was also made on this writ of a portion of the property already covered by the lien of the previous execution. All the property levied on both writs was advertised for sale May 8, 1918. Six days previous, the defendant, Braun, filed a petition in bankruptcy in this court. Same day, on proper application, the referee, A. N. Crandall, Esq., directed a rule on the sheriff to show cause why he should not be restrained from selling at public sale upon execution the personal property of Otto Braun, returnable May 7, 1918; meantime enjoining and restraining the sheriff from proceeding with the sale on any process in his hands against Otto Braun, bankrupt. Service of rule was

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

accepted by the sheriff and certified to court, whereon at the return day the same was made absolute, and the sheriff sale continued.

Braun was afterwards adjudicated a bankrupt, and on filing his schedule claimed as exempt the property specified in the sheriff's levy on the refining company's writ. The property as claimed was afterward, July 31, 1918, appraised and set apart by the trustee to be retained by the bankrupt, which was duly confirmed by the referee on August 20th.

In both judgments on which writs were in the hands of the sheriff, the bankrupt defendant had waived the right to the benefit of his exemption. Several days after the referee's confirmation of the action of the trustee, the refining company, on representation of these facts, obtained a modification of the restraining order permitting the sheriff to proceed against the property set apart for the bankrupt, whereupon it was advised that the sheriff had sold such property three days after such confirmation on writ of venditioni exponas with clause of fieri facias procured August 7th by plaintiff's attorney, one of respondents herein, and by him placed in the hands of the sheriff and advertised August 16, 1918.

The Atlantic Refining Company procured this rule insisting that the court's order was violated in proceeding to sale without its consent. The respondents filed answer denying contempt, asserting that the property set aside to the bankrupt never passed to the trustee in bankruptcy and that therefore the court had no jurisdiction over it; and furthermore that though the Rich Bros. writ being prior in point of time of levy and lien to the refining company's writ, it had therefore the right in any event to the money realized upon the sale of this property, no matter upon whose writ the sale was actually made.

[1, 2] The justification does not satisfy. With the latter portion pertaining to the relative rights of the contending parties to the exempt property, this court is not concerned; and as to the former it may be admitted that such property never passed to the trustee, yet it is equally well established by a long line of authorities that the court acquired absolute control of it, to the end that the same might be set aside by the trustee and to dispose of such questions as may arise incident to that process, and to this extent and for this purpose the court had jurisdiction. However, the restraining order entered, of which respondents had notice, was within the jurisdictional powers of the court, and it not only prevented action against all of the bankrupt's property, but it stayed as well all proceedings, with this objective, on the writs in the sheriff's hands.

Though it might seem reasonable that the referee's confirmation of the trustee's action setting apart the property claimed by the bankrupt operated as a release from the court's order, it would not justify proceeding on the writs that were stayed and to levy and advertise such property before confirmation. Then again an order actually made by the court is binding until reversed, or set aside, even though the court making it is without jurisdiction. Wagner v. U. S., 104 Fed. 133, 43 C. C. A. 445, 4 Am. Bankr. Rep. 596; Blake v. Nesbet (D. C.) 144 Fed. 279, 16 Am. Bankr. Rep. 269. As was well said by Judge Philips, in the latter case:

"It is his duty to observe and obey the order implicitly as long as it stands unrevoked; if [the party affected] is of opinion, or has been advised by his counsel, that the order was improvidently issued, it is his duty to apply to the court for a modification or construction of its provisions, as it would lead not only to confusion and uncertainty, but would be destructive of the very purpose of a temporary restraining order if the party against whom the injunction had been issued should be allowed to judge."

Indicative of the practice in proceedings of the like in hand may be inferred from the case In re William G. Jackson (D. C.) 116 Fed. 46, 8 Am. Bankr. Rep. 594, where the referee refused to subrogate the trustee to the rights of a creditor having a judgment entered against the bankrupt upon a note, wherein he waived his personal property exemption and an order restraining the creditor from proceeding further upon his judgment by execution, on the ground that the court had nothing further to do with the exempt property than to see that the trustee set it aside, and to dispose of such questions as may arise incident to that process, such property having been set apart for the bankrupt, Judge McPherson said:

"While I approve of the referee's refusal, I think the restraining order should be so modified as to permit the creditor to assert such right as he may have gained by his execution against such property as may be set aside to the bankrupt under his claim for exemption," and it was so ordered.

[3] Though there was disobedience to the command and order of the court, the evidence satisfies the court that there was no actual moral intent to defy the court or its order, and, while this is no defense, it serves to mitigate the punishment. The respondents are accordingly ordered and directed to pay the costs of this proceeding (including counsel fee of $25 to petitioners) within 30 days after notice from the clerk, otherwise they stand committed until this order is complied with.