# IN THE MATTER OF JUAN J. RIVERA, Bankrupt.

San Juan, Bankruptcy, No. 527.

Opinion filed April 3, 1924.

*Mr. Vicente Zayas Pizarro* for petitioning creditors.

*Honorable H. P. Coals,* Attorney General of Porto Rico, for Miguel Gomez, marshal, etc.

ODLIN, Judge, delivered the following opinion:

It is conceded that on February 18, 1924, on the same day on which the petition for involuntary bankruptcy was filed against Juan J. Rivera, this court issued an order directed to Miguel Gomez, as marshal of the municipal court of Cayey, Porto Rico, directing him to stay all proceedings in the case of A. M. Somoza & Company against Juan J. Rivera, then pending before the said municipal court at Cayey. It is also con-

ceded that at the time of said order there were pending before the same municipal court at Cayey other cases against the said Juan J. Rivera, and that the marshal complied with the order of this court and did stay all proceedings in the Somoza Case, but proceeded to make sale of the effects of the bankrupt, based upon orders which had been issued by the municipal court in the other suits against Rivera. Sales of the goods which had been owned by Rivera were made by the marshal under writs of execution which had been issued in these other suits, and it is claimed by the petitioning creditors that the said marshal has been hostile to the interests of the petitioning creditors, that he has refused without good cause to give to the petitioning creditors any information concerning these other proceedings which had been instituted against Rivera, and that at the time of the sale of the effects of Rivera, which was on March 1, 1924, the marshal knew that this bankruptcy proceeding had been instituted, and that he knew that the sale and proceedings in these other cases were an interference with the estate of the bankrupt to the prejudice to the rights of the petitioning creditors, and that the said marshal did not disclose to the petitioning creditors the fact of said sale being made, although it was alleged that it was his duty to notify the petitioners or their counsel that these other suits were pending, and that the sale which was to take place on March 1, 1924, was not reported by the marshal.

Thereupon the attorney for the petitioning creditors asked for a rule to issue directed to the said marshal, requiring him to show cause before this court why he should not be punished for contempt. The answer which has been filed by the marshal sets forth that he had no intention whatever of disobeying or

disregarding the orders of this court; that he has been, is now, and always will be ready to observe and obey orders of this court when they are properly brought to his knowledge. He also sets forth that there were four cases pending against Rivera in the municipal court of Cayey, one of which was the suit of A. M. Somoza & Company, which suit was referred to in the order of this court, and as respects this particular suit all proceedings were stayed and the order of the execution of the judgment was suspended. Then the answer goes on and avers that with respect to the other suits, describing them in detail, judgments had been entered and executions ordered, but, inasmuch as these other suits were not mentioned by *this* court in its order, the marshal proceeded to make sale of the goods of Rivera, relying upon the principles laid down by the supreme court of Porto Rico in the case of Palau v. Lopez, decided in 1913, reported in vol. 19 of the reports of the supreme court of Porto Rico, at page 4. It is there specifically held that in order to accomplish a stay of proceedings in an Insular court of Porto Rico, the Federal court must issue an order in *each* case, describing it, and that when no such order is issued the presumption is that no stay was desired. This decision is based upon certain Federal decisions, one of them being the case of the New River Coal Land Co. v. Ruffner, reported in 91 C. C. A. 559, 165 Fed. 881; another case being that of Wagner v. United States, reported in 43 C. C. A. 445, 104 Fed. 133, 2 N. B. N. Rep. 1116; and another case being that of Knott v. Putnam, reported in 107 Fed. 907.

There are decisions, not necessary to be cited, which sustain the contention of the counsel for the petitioning creditors that the filing of a petition in bankruptcy operates as an automatic

caveat to all persons having knowledge of the filing, and that such persons act at their peril when they interfere in any way with the goods of the bankrupt, until the Federal court shall so authorize. Based upon these decisions, it is argued by counsel for the petitioning creditors that, inasmuch as the marshal of the municipal court of Cayey had actual knowledge of the bankruptcy proceedings against Rivera, it was his duty to take no action whatever with respect to the goods of Rivera until the Federal court so permits, or until the proceedings against Rivera shall be dismissed.

I am not satisfied to follow this rule, particularly in the present case, because it seems to me that a marshal of an Insular court should receive complete protection when he acts in a manner which has been sanctioned by the supreme court of Porto Rico. Furthermore, in the recent valuable work upon bankruptcy proceedings by Mr. Collier, 13th edition, at page 417, he holds, that, although the stay may be granted ex parte, and that even before adjudication the petitioning creditors are the proper persons to ask for a stay, and although any party interested in the proceeding may apply therefor, the application is usually made in the form of a petition, setting out the jurisdictional facts, such as the name of the suit, in what court pending, for what purpose it is brought, the names of the persons sought to be enjoined, also the names of their attorneys of record, and the like, and if made on information and belief, it should be accompanied by sustaining affidavits.

By reason of what has been stated by the marshal in his answer, and there being no denial as to the truth thereof, it will be manifestly unjust for this court to proceed further against him, and the rule heretofore issued against him is discharged.

Incidentally, it may not be out of place for me to observe that if the counsel for the petitioning creditors found himself unable to obtain from the marshal of the municipal court at Cayey definite information as to these other suits which were pending, it should have been a simple matter to place himself in communication with the judge or the secretary of that court by telephone or by telegraph from Ponce and then frame his petition for a stay accordingly. I admit that the situation as presented has caused serious embarrassment as well as probable loss to the petitioning creditors. Nevertheless, for this court to interfere further in this matter seems to me to be an act entirely unjustifiable.

To this ruling, order and opinion counsel for the petitioning creditors excepts.

Done and Ordered in open court at San Juan, Porto Rico, this 3d day of April, 1924.