### In re BUNNELL et ux.
### No. 9544.

District Court, M. D. Pennsylvania.
July 20, 1937.

Ellsworth S. Keller, of Tunkhannock, Pa., for bankrupts.

Walter L. Hill, of Scranton, Pa., and R. W. Trembath, of Tunkhannock, Pa., for respondents.

WATSON, District Judge.

This matter is before the court upon a rule upon Mary A. Carter, widow of W. M. Carter, and Roy A. Gardner, sheriff of Wyoming county, to show cause why they should not be adjudged guilty of contempt of this court.

In 1930 the bankrupts borrowed $5,000 from W. M. Carter, now deceased, and Mary A. Carter, his wife, and gave a bond and mortgage to secure the indebtedness. In the bond the makers waived the benefit of all laws of Pennsylvania relating to exemption of property from execution. February 10, 1937, the bankrupts having defaulted on the bond and mortgage, Mary A. Carter, her husband in the meantime having died, caused judgment to be entered on the bond in the court of common pleas of Wyoming county, to No. 40, April term, 1937, and caused a writ of fieri facias to issue. Whereupon, the respondent Roy A. Gardner, sheriff of Wyoming county, levied upon certain personal property of the bankrupts, including five cows designated as Nos. 11691X, C16167, 65898E, H4334, and 8488E, and advertised the same for public sale.

On February 26, 1937, the bankrupts filed their petition to be adjudicated bankrupt, and were so adjudicated the same day. Thereafter a restraining order was issued by this court restraining Mary A. Carter and Roy A. Gardner from proceeding on the judgment referred to above, and a rule to show cause why an injunction should not issue was entered, returnable March 8, 1937. No answer was filed and proceedings on the judgment were stayed.

The bankrupts thereafter petitioned the trustee to set aside the five cows referred to above as exempt property, and the trustee made a report to the referee recommending that the prayer of the petition be granted, and the referee fixed April 27, 1937, at 3:00 p. m. as the time for hearing on the exceptions, if any. The respondent Mary A. Carter filed exceptions to the report but, at the hearing held at the time fixed, withdrew the exceptions, and, at about 6:00 p. m., the cows were set aside to the bankrupts as exempt property.

In the meantime, at about 3:00 p. m., April 27, 1937, the respondent Mary A. Carter, through her attorney, who was also attorney for the sheriff, caused an alias writ of fieri facias to issue on the

judgment (No. 40 April term, 1937), which was the subject of the restraining order of this court. The attorney for the sheriff instructed the sheriff to hold the writ in readiness for execution. Immediately after the referee made the order setting the exempt property aside, the attorney instructed the sheriff to execute the writ against the exempt property. The sheriff made the levy, and advertised the property to be sold at public sale on May 4, 1937.

May 3, 1937, no answer to the rule for an injunction having been filed, the court made the rule absolute and permanently enjoined the respondents from any further proceedings on the judgment. On the same day, rule was entered on the respondents to show cause why they should not be adjudged in contempt of this court.

The question is: Whether the restraining order issued by this court was disobeyed by the respondents when they proceeded on the judgment which was the subject of the order, against property which was set aside to the bankrupts as exempt property?

In the case of In re Braun (D.C.M. D.Pa.) 259 F. 309, the precise question was decided by Judge Witmer in a clear opinion.

The court is not concerned with the relative rights of the parties to the property in dispute. It may be that the restraining order as issued was too broad in its application, and it may be that the respondent Mary A. Carter could have obtained permission to proceed against the property. If such is true proper proceedings for having the restraining order and injunction modified were available, but no effort was made to obtain such modification. In the present case the parties sought by the use of legal legerdemain to avoid a binding order of the court. The language of the order was clear, and they must have known that they were proceeding in spite of it. That they acted on advice of counsel is, of course, no defense but may serve to mitigate the punishment.

The court cannot shut its eyes to the violation of its orders. The very purpose of a restraining order would be destroyed if the parties against whom it is issued were permitted to judge of its wisdom. Blake v. Nesbet (D.C.) 144 F. 279. The respondents should be adjudged in contempt and proper punishment administered.

The respondents, Mary A. Carter and Roy A. Gardner, are adjudged guilty of contempt of this court, and they are ordered and directed to pay the costs of this proceeding and a counsel fee of $50 to the petitioners within thirty days after the date of this order; otherwise, they shall be committed until this order is complied with.