## ROSE v. MANGANO, Sheriff, et al.
### No. 318.

Circuit Court of Appeals, Second Circuit.
April 12, 1940.

Sidney N. Zipser, of New York City, for appellant.

Saul I. Radin, of New York City, for appellees.

Before L. HAND, AUGUSTUS N. HAND, and PATTERSON, Circuit Judges.

PER CURIAM.

This is an appeal from an order dismissing a writ of habeas corpus taken out to release the bankrupt, Rose, from imprisonment. In July, 1933, one Hamburger obtained a judgment against Rose in the Municipal Court of the City of New York, and on the 12th day of August, 1938, he served upon Rose an order of the City Court of New York in proceedings supplementary to execution. On the 29th day of October, 1938, Rose filed a voluntary petition for bankruptcy in the Eastern District of New York, and was adjudicated on the same day. The order of the City Court forbade Rose to pay over any money in his hands, and on July first, 1939, Hamburger moved in the City Court to punish him for violation of this injunction. This the court did on December 23, 1939, by fining him $200 and committing him until he should pay. It does not appear whether the disobedience was before or after petition filed. Rose's trustee in bankruptcy

filed specification of objections to his discharge under § 14, sub. b, Bankr.Act, 11 U.S.C.A. § 32, sub. b, and the first hearing was set for January 3, 1940. The referee told Rose to appear on that day, which he did, and the hearing was adjourned to the seventeenth, when he again appeared and when the referee again adjourned the hearing to the twenty-fourth. Rose swears that the referee ordered him to appear on the twenty-fourth also, though this is denied. At any rate he did appear on that day and the hearing was closed. While he was in the act of leaving the Federal Building in Brooklyn, where the hearing had been held, he was arrested under the order of the City Court and lodged in jail. He thereupon applied to the Supreme Court of the State of New York by habeas corpus for his release; but the writ was dismissed on the ground that § 25 of the Civil Rights Law of the State of New York, Consol. Laws, c. 6, did not cover his case. Thereafter, he sued this writ out of the District Court.

 The dismissal of the habeas corpus in the state court is not res judicata here (Salinger v. Loisel, 265 U.S. 224, 230, 231, 44 S.Ct. 519, 68 L.Ed. 989), although it would have been a relevant circumstance, had the decision turned upon the same questions that control here. It did not, for the district court has no jurisdiction under § 25 of the Civil Rights Law of New York. We shall assume arguendo that the fine for which Rose was committed was not dischargeable in bankruptcy, in spite of the fact that it does not appear whether the contempt occurred before petition filed. In re Hall, D.C., 170 F. 721; In re Spagat, D.C., 4 F.Supp. 926. Even so, Rose was immune from arrest "when in attendance upon a court of bankruptcy or engaged in the performance of a duty imposed by this act [title]" (§ 9, 11 U.S.C.A. § 27); and the district court had jurisdiction to protect his privilege by habeas corpus. General Order 30, 11 U.S.C.A. following section 53; Wagner v. United States, 6 Cir., 104 F. 133; United States v. Flynn, D.C., 179 F. 316; In re Kimball, Fed.Cas.No.7,-767, 2 Ben. 38. In the first place he had an interest in procuring his discharge, which was the occasion for his "attendance upon a court of bankruptcy"; and it is not clear why that alone was not enough to protect him. Stewart v. Ramsay, 242 U. S. 128, 37 S.Ct. 44, 61 L.Ed. 192. Be that as it may, attendance at the hearing upon objections to his discharge was "a duty imposed" upon him by the Bankruptcy Act. Section 7, 11 U.S.C.A. § 25, enumerates the duties of bankrupts, and subdivision (1) of that section requires him to "attend at the first meeting of his creditors, at the hearing upon objections, if any, to his application for a discharge and at such other times as the court shall order". This duty to attend hearings upon objections to his discharge is not conditional upon an order to do so, so that in the case at bar Rose's exemption did not depend upon the disputed question whether the referee had ordered him to come back on the 24th. It is true that § 14, sub. e, provides that if a bankrupt fails to appear at the hearing upon his application for a discharge, he waives his right to one, but that is a sanction to enforce the duty, and does not give him an option to disobey. Rose was, therefore, exempt under § 9, and, in accordance with the general rules attending privileges from arrest, his privilege included not only his journey to the court, but a reasonable opportunity thereafter to return to his home.

The order will be reversed; the bankrupt will be ordered released forthwith, and will be exempt from further arrest until he reaches his home. Mandate to issue at once.

Order reversed.